WILLIAM FLYNN & wife *vs.* LUCIUS BEEBE.

Evidence that a chorewoman, directed by the wife of her employer to wash clothes in his house, found the tub bottom up, turned it over, put into it the clothes and a rubbing board, drew a small quantity of water from a kettle into a dipper and poured it into the tub, into which also a pailful of water was poured by the wife, and then, putting her hands into the tub and rubbing the clothes against the board, was severely cut in one hand by a fragment of glass, which on examination was found in the tub, is not sufficient to sustain an action by her against her employer for damages for the injury as having been caused by his negligence or the negligence of his agents or servants.

TORT for an injury alleged to have been sustained by Mrs. Flynn through negligence of the defendant or his agents or servants. At the trial in the superior court, before *Vose*, J., the following were all the facts in evidence concerning the cause and manner of the injury :

Mrs. Flynn was employed at the defendant's house to do chores on February 20, 1866, when the defendant's wife directed her to wash a skirt. She went into the washroom, and there found a tub lying bottom up, turned it over and put into it a rubbing board and the skirt. The defendant's wife brought a pailful of

water "from the stove," and poured it into the tub; and then, needing more water for the washing, Mrs. Flynn procured it in a dipper, which she filled two or three times from a kettle on the stove, and poured into the tub. Mrs. Flynn then put her hands into the tub and drew the skirt against the rubbing board. In doing so one of her hands was severely cut; which was the injury in question. She cried out in pain; and the defendant's wife came, and examined the tub, and found in it a piece of glass about an inch square, apparently a fragment of a bottle.

The judge ruled that the action could not be maintained on this evidence; and the plaintiffs alleged exceptions.

*W. P. Harding*, for the plaintiffs.

*R. B. Buck*, for the defendant, was not called upon.

HOAR, J. We are unable to perceive that there was any evidence whatever that the injury which the plaintiff received was occasioned by negligence of the defendant, or of any agent or servant of his. There was no evidence to show how the piece of glass which cut her hand came into the washtub. The probability would seem to be that it either adhered to the skirt which was to be washed, or was in the kettle upon the stove from which water was taken. But in either case it did not appear that the defendant or his wife knew, or had any reason to suspect, that it was there; or that there was any want of due care on the part of either. The whole foundation of the action therefore failed.

The plaintiffs' counsel puts his case upon the ground that an employer is bound to furnish safe and suitable means and instruments for the performance of his work to the person whom he employs. This is true to some extent, but not absolutely and without qualification. He is bound to exercise reasonable and proper care and diligence in furnishing them; but is not an insurer against accidents. There was nothing to submit to the jury; and the ruling in favor of the defendant was right.

*Exceptions overruled.*