BRIDGET NORTON *vs.* MICHAEL T. HUDNER.

Bristol.    October 28, 1912. — January 27, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DE COURCY, JJ.

*Negligence,* In care of floor of market.

The presence upon the floor of a market, that was sprinkled with sawdust twice a day, of a piece of meat covered with sawdust upon which a woman customer slipped and was injured, is not evidence of negligence on the part of the proprietor of the market, if it does not appear how long the piece of meat had been on the floor or how it got there or how it became covered with sawdust.

TORT for personal injuries sustained by the plaintiff from slipping on the floor of the defendant's market at the corner of Borden Street and Main Street in Fall River on November 15, 1907. Writ dated June 20, 1908.

In the Superior Court the case was tried before *Fox,* J., who at the close of the plaintiff's evidence, which is described in the opinion, ordered a verdict for the defendant. The plaintiff alleged exceptions.

*D. R. Radovsky,* for the plaintiff.

*D. F. Slade,* for the defendant.

BY THE COURT. The plaintiff went into the defendant's market to buy meat and butter and, after purchasing the butter, as she turned to go to the meat counter, slipped, as she testified, upon a piece of meat covered with sawdust, and fell, receiving the injuries complained of. The floor of the market was covered with sawdust. A man was employed by the defendant whose duty it was to sweep the floor and keep it clean. He was engaged all the time in the performance of this duty. This man was dead at the time of the trial. Sawdust was sprinkled over the floor twice a day, about eight or nine in the morning and two or three in the afternoon. The meat counter was used only for meats cut up for sale. No trimming or anything of the kind was done on the counter. Occasionally a piece of meat would get on the floor. A verdict was directed for the defendant and the case is here on the plaintiff's exceptions.

The defendant was bound to keep his premises in a reasonably safe condition for the use of those who visited the store at his invitation, and he is liable to the plaintiff for an injury caused by his negligence while she was visiting the store at his invitation and was herself in the exercise of due care. *Gilbert* v. *Nagle*, 118 Mass. 278. There was evidence of the plaintiff's due care, but we fail to find any evidence of negligence on the part of the defendant. The only evidence of negligence was the presence upon the floor of the piece of meat that caused the plaintiff to slip and fall. That could not be found to constitute negligence unless the meat had been there such a length of time that the defendant or his servants knew or ought in the exercise of due care to have known that it was there and to have removed it. There was nothing to show how long it had been there. The fact that it was covered with sawdust, as the plaintiff testified that it was, had no tendency to show how long it had been there. Whether it was there when the floor was sprinkled with sawdust and should then have been seen and removed, or whether it had fallen or had been knocked from the meat counter a moment or two before and had become speedily covered with sawdust (it being undisputed that the floor was covered with sawdust all the time), were purely matters of conjecture. The case is different from *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273, relied on by the plaintiff. In that case there was evidence relating to the condition and appearance of the banana peel from which it could be fairly inferred that it had been on the platform for a considerable period of time in such a position that it would have been seen and removed if the defendant's employees had performed their duty. In this case no one, not even the plaintiff, testified to seeing the piece of meat, and the only evidence relating to its appearance was the statement made by the plaintiff that it was covered with sawdust. The present case is more like *Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52, where there was nothing to show how the banana peel got on the platform or how long it had been there, and the court held that the plaintiff could not recover.

We do not think that is enough to show negligence on the part of the defendant.

*Exceptions overruled.*