DOMENICK ASTRELLA *vs.* THOMAS J. LAFFEY.

Suffolk. November 12, 1915. — January 27, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Carrier*, Of goods. *Expressman*. *Evidence*, Presumptions and burden of proof.

*Whether* an expressman, whose business is transporting packages for hire in a certain district of a city, is a common carrier of goods for hire and is to be held to the degree of liability required of such a carrier, it here was not necessary to decide; because in the present case there was a finding of fact warranted by the evidence that the defendant, who was a local expressman, was negligent in performing the agreement that he had made with the plaintiff to use proper care in transporting a harp from one place to another in the same district of the same city.

In an action against a local expressman for injury to a harp entrusted to him by the plaintiff for transportation from one place to another in the part of a city where the defendant carried on his business, where it appeared that the harp when entrusted to the defendant was in a case and was then in good condition, and that when the case was delivered by the defendant it had a crack or split near the padlock and was delivered by the defendant with "the damaged and padlock side downward," it was *held*, that an inference of negligence might be drawn from the fact of the delivery of the case with its damaged side downward.

CARROLL, J. The defendant, an expressman doing business as "Pinkham's Back Bay Express," on January 12, 1914, received the plaintiff's harp at the Copley Plaza Hotel, to be carried to 78 Portland Street, Boston, where it was delivered to the plaintiff. The harp was in a case or box having a crack or split near the padlock, "which did not appear to be different from the other cracks until pressure was exerted in that locality." Before

it was taken from the hotel, the case containing the harp had been in the baggage room of the hotel for sixteen hours, standing unsupported; a very slight contact would cause it to fall. The judge found that it remained in the same condition while in the baggage room, and was in good condition when delivered to the defendant. While it was found that the defendant's servants were careful and competent men, there was evidence "that the defendant delivered the case on [with] the damaged and padlock side downward." 'There was a finding for the plaintiff.

The defendant's request for a ruling, "that on all the evidence the plaintiff is not entitled to recover," being refused, the refusal of the ruling was reported to the Appellate Division of the Municipal Court of the City of Boston, where the report was dismissed, and an appeal was taken from the order of dismissal.

·We see no error in refusing the defendant's request. Even if the defendant was merely an expressman delivering packages in a certain district, and was not a common carrier of goods for hire and held to the same degree of liability, which we do not decide (see 4 R. C. L. 557, § 24, where cases are collected), still, by virtue of his contract with the plaintiff, the defendant agreed to use proper care and attention in carrying and delivering the harp; the judge has found the defendant negligent in performing the agreement. This was a question of fact. There was no evidence that the position of the harp had changed from the time it was placed in the baggage room in good condition until it was received by the defendant. We cannot disturb the findings of the judge, especially when it appears that the box was delivered to the plaintiff with the damaged or padlock side downward, from which fact an inference showing the negligence of the defendant can be drawn.

*Judgment dismissing the report affirmed.*

*J. F. Scannell,* for the defendant.

*G. E. Roewer, Jr.,* for the plaintiff.