MARY ZUGBIE *vs.* J. R. WHIPPLE COMPANY.

Suffolk. March 27, 1918. — April 8, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Employer's liability, Of one controlling real estate, Matter of conjecture, Injury from slipping on object whose presence is unexplained.

Where a scrubwoman employed in a hotel was injured by falling when descending a properly lighted flight of stairs in the hotel building by reason of stepping on some "sort of slippery refuse . . . like grease," her employer is not liable for her injury, if there is nothing to show how or when the object on which the woman slipped came upon the stairs.

Collection of cases of personal injuries from falls caused by slipping on objects whose presence was unexplained.

TORT by one employed by the defendant at the Hotel Touraine as a scrubwoman, who was paid $4 a week and also was furnished with a room and board at the hotel, for personal injuries sustained on March 26, 1915, from falling down a flight of stairs in the hotel

when the plaintiff's foot slipped on the second stair.  Writ dated January 4, 1917.

In the Superior Court the case was tried before *Hall*, J.  The manner of the plaintiff's accident is described in the opinion. She testified, "That at that time she had no room anywhere else, so that the only place she had as a room was this room which her employer gave her as a part of her wages; that there were eight or nine other scrubwomen who had an arrangement like that; that, when she came into the hotel to go to her room, she came in the kitchen door entrance, which was on a small side street off Lagrange Street; that she then walked along where they washed dishes and began descending the stairs, the dish washing room being situated near the stairway which she had to descend."  In regard to her slipping she testified, "That at the time she stepped her right foot down on to the stairs, she felt that there was something under her foot slippery and she did not know anything that happened until she found herself on her back; that she could not see what was on the stair; that the stairs were lighted at the time, the light being overhead toward the lower end of the stairs, there being one electric small bulb light there; that when she got to her room, she noticed that her clothes were soiled; that she could not really tell just what was on the clothes, "it was refuse, sort of slippery refuse, on the clothes, like grease, she should say it was and on the back of the garment she was wearing."

At the close of the plaintiff's evidence the judge, upon the defendant's motion, ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*E. H. Savary*, for the plaintiff.

*E. C. Stone*, for the defendant, was not called upon.

By THE COURT.  The plaintiff, while rightfully descending stairs upon the premises of the defendant, her employer, "felt that there was something under her foot slippery" and fell.  Later she noticed that upon her clothes there was some "sort of slippery refuse . . . like grease."  There was an overhead electric bulb light toward the lower end of the stairs.  There is nothing to indicate negligence on the part of the defendant.  For aught that appears the object upon which the plaintiff slipped may have been dropped there but a moment before by some one for whose conduct in this respect the defendant was not responsible.  The case is

governed by *Goddard* v. *Boston & Maine Railroad,* 179 Mass.
52, *Lyons* v. *Boston Elevated Railway,* 204 Mass. 227, *Hotenbrink*
v. *Boston Elevated Railway,* 211 Mass. 77, *Norton* v. *Hudner,* 213
Mass. 257, and similar cases.

*Exceptions overruled.*