HELEN J. DOWNING vs. JORDAN MARSH COMPANY.

Suffolk.   October 20, 1919. — November 26, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence*, In maintenance of department store. *Evidence*, Presumptions and burden of proof.

Evidence, at the trial of an action against the proprietor of a department store for personal injuries caused by tripping on a wire mat when leaving the store, which tended to show that the mat was near the exit, that it was "humpy and badly curled," was about three feet wide and about four or five feet long and was set in a "groove about an inch wide" with its edge, where the plaintiff tripped, above the groove and "a little higher than where it sets in," will not warrant a finding of negligence on the part of the defendant or his servants in the absence of evidence tending to show what caused the condition of the mat or how long the condition had existed before the accident or that the defendant or his employees knew or in the exercise of reasonable care should have known of that condition.

TORT for personal injuries received in a fall alleged to have been caused by a defective condition of a mat over which the plaintiff stumbled as she was leaving the defendant's department store in Boston.   Writ dated October 7, 1916.

In the Superior Court the action was tried before *Hall*, J.  The material evidence is described in the opinion.  At the close of the plaintiff's evidence, the defendant rested and the judge ordered a verdict for the defendant and reported the case to this court upon the stipulation that, if his ruling was correct, judgment was to be entered for the defendant; otherwise, judgment was to be entered for the plaintiff in the sum of $450 with interest from the date of the verdict.

The case was submitted on briefs.

*H. A. Kenny*, for the plaintiff.

*E. C. Stone & G. Gleason*, for the defendant.

CARROLL, J.   The plaintiff went to the defendant's store accompanied by her aunt who intended to buy "some wings for a hat that . . . [the plaintiff] was to make."   As they were leaving the store the plaintiff tripped on a wire mat near the exit

on Summer Street and was injured. The judge directed the jury to return a verdict for the defendant and reported the case.

There was evidence that the mat was about three feet wide and about four or five feet long, set in a "groove about an inch wide;" that the edge of the mat was above this groove and the plaintiff tripped on the edge of the mat "which was a little higher than where it sets in;" that the mat was "humpy and badly curled," and there was a "bulge" in it.

If the plaintiff came to the defendant's premises under an implied invitation as distinguished from a mere licensee, to recover she must show that the defendant was negligent. Assuming but not deciding that the mat was defective, it did not appear for how long a time it had been so, or that the defendant or its servants knew, or might have known, of it by the use of reasonable care. If the plaintiff fell because she tripped against the edge of the mat which was lifted out of the groove, there is nothing in the evidence to show what caused this condition, or for how long a time it had existed previous to the plaintiff's injury. There was, therefore, no evidence that the defendant was negligent. *Douglas* v. *Shepard Norwell Co.* 217 Mass. 127. *Kelley* v. *W. D. Quimby & Co. Inc.* 227 Mass. 93. *Hathaway* v. *Chandler & Co. Inc.* 229 Mass. 92. *Zugbie* v. *J. R. Whipple Co.* 230 Mass. 19.

The case at bar is to be distinguished from *Wheeler* v. *Sawyer,* 219 Mass. 103, *Nye* v. *Louis K. Liggett Co.* 224 Mass. 401, and *Toland* v. *Paine Furniture Co.* 179 Mass. 501. In the first of these cases the brass binding on the edge of a step near the top of a flight of stairs was worn and defective. In *Nye* v. *Louis K. Liggett Co.* a weighing machine was placed by the defendant in a position too near the door to permit customers to leave the store in safety; and it was found that the defendant, in the exercise of due care, should have discovered the probable danger. In *Toland* v. *Paine Furniture Co.* there was evidence that the mats were made of poor material much worn, and were in this condition for two or three months before the accident.

The verdict for the defendant was directed rightly. According to the terms of the report, judgment is to be entered for the defendant.

*So ordered.*