ANNIE CONNOLLY *vs.* SARAH P. FELTER & another.

Essex.    March 7, 1921. — April 7, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Employer's liability: duty to inspect and to warn. *Evidence,* Matter of conjecture.

At the trial of an action of tort against the proprietor of a bakery, who was not a subscriber under the workmen's compensation act, for personal injuries re-

ceived by a dish washer in his employ, the evidence tended merely to show that, when the plaintiff took from a drawer one from among a number of laundered bags in which flour had been received, which were used as dish cloths, a pin, which was in one of the bags, stuck into her finger.    There was no evidence that the defendant or any of his employees had reason to know of the existence or presence of the pin and no evidence as to how or when the pin got into the bag and none warranting a finding that its presence or that of any other dangerous instrument in the bag ought to have been seen or guarded against by examination or otherwise.    *Held*, that judgment should be ordered for the defendant.

TORT for personal injuries received by the plaintiff when in the defendants' employ.  Writ dated November 6, 1918.

In the Superior Court, the action was tried before *O'Connell,* J.  Material evidence is described in the opinion.  At the close of the evidence, the defendants presented requests for rulings raising the questions described in the opinion.  The requests were refused.  The jury found for the plaintiff in the sum of $125; and the defendants alleged exceptions.

*F. E. Shaw,* for the defendants.  ·

*J. W. Santry,* for the plaintiff.

JENNEY, J.  The plaintiff claims damages because of an injury received from a pin while she was washing dishes in the course of her employment in the defendants' bakery.  She had been employed only a week before her accident, and had been told by one authorized to give directions that the cloths for drying the dishes were kept in a drawer shown to her.  The cloths so used by her throughout her employment were bags in which flour had been received; some had been cut open and others were in the state in which they came, all, however, having been laundered before they were placed in the drawer.  After the bags were used they were washed and dried and then replaced in the drawer.

At the time of the accident the plaintiff took an unopened bag from the drawer.  As she did this a pin which was of medium size pierced her finger, and as a result she sustained the injury for which she seeks to recover.  The pin was quite firmly in the seam of the bag; and although she did not see it before she was hurt it was not concealed.  She never before had seen pins in these cloths.  There was no evidence that pins or any other sharp substance had ever before been found in the bags.  One of the defendants testified that she looked the bags over after they came from the

laundry and before they were placed in the drawer to determine whether they were good enough to make into aprons, or were proper to be used as dish towels, but that no examination was made to ascertain whether any pins or other foreign substances were contained or embedded therein.

As the defendants, whose business was within the scope of the workmen's compensation act, were not insured under its terms, the only question is whether there was evidence warranting a finding that they neglected to exercise reasonable care in furnishing proper appliances for the plaintiff to work with. The plaintiff does not complain because of the nature of the material furnished, but bases her claim of negligence upon the presence of the pin in the bag and the resultant injury received by her. There was no evidence that the defendants or any of their employees had reason to know of the existence of the pin; nor was there any evidence as to how or when it got into the bag, nor that its presence or that of any other dangerous instrument ought to have been foreseen or guarded against by examination or otherwise. The cause of its presence was conjectural; and on the facts disclosed there was no duty of inspection. The presence of the pin might reasonably be attributed to a cause for which the defendants were not responsible. *Flynn* v. *Beebe,* 98 Mass. 575. *Barrango* v. *Hinckley Rendering Co.* 230 Mass. 93. *Ash* v. *Childs Dining Hall Co.* 231 Mass. 86.

The defendants' request for a ruling that there was no evidence to warrant a finding of negligence should have been given, and a verdict in their favor ordered. The exceptions must be sustained and judgment ordered for the defendants under G. L. c. 231, § 122.

*So ordered.*