LOUIS R. SWEATLAND *vs*. SPRINGFIELD PUBLIC MARKET, INC.

Hampden.    November 12, 1923. — January 4, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, In maintenance of fruit stand by public way.    *Evidence*, Presumptions and burden of proof, Matter of conjecture.

Where, at the trial of an action for personal injuries received when the plaintiff slipped upon a banana upon a public highway, the plaintiff alleging that his injuries were due to the negligence of the defendant in permitting the presence of the banana upon the highway, it appeared that the defendant maintained a fruit stand by a public market and that the banana was not on or in front of the premises occupied by the defendant, and the evidence in its aspect most favorable to the plaintiff showed merely that the defendant kept a broom near his stand and each day with it swept up accumulated rubbish, and that immediately after the accident there was apparent a pile of rubbish and bananas that had been pushed into a corner jog near the plaintiff's stand, a verdict should have been ordered for the defendant, the cause of the presence of the banana upon the highway, neither on nor in front of the defendant's premises, being merely a matter of conjecture, and not being shown to have been due to negligence for which the defendant was responsible.

TORT for personal injuries received when the plaintiff slipped on a banana which was on a public sidewalk on Main Street in Springfield, the plaintiff alleging that its presence there was due to negligence of the defendant. Writ dated March 12, 1921.

In the Superior Court, the action was tried before *Irwin*, J. The bill of exceptions reads: "The banana was not on or in front of the property of the defendant, but was on the sidewalk in front of another store located north of the defendant's property." Other evidence is described in the opinion. At the close of the evidence, the defendant moved that a ver-

dict be ordered in its favor.   The motion was denied.   The jury found for the plaintiff in the sum of $1,000.   The defendant alleged exceptions.

The case was submitted on briefs.

*H. W. Ely & J. B. Ely,* for the defendant.

*M. D. Graves & H. A. Moran,* for the plaintiff.

PIERCE, J.   This is an action of tort to recover damages for injuries received by the plaintiff as a result of a fall upon a banana, which was on a sidewalk on Main Street, in the city of Springfield, " about fifteen feet north of the Public Market Building and north of the Public Market premises." The evidence in its aspect most favorable to the plaintiff's contention that his injury was due to the negligence of the defendant in allowing rubbish, fruit and vegetables to accumulate near and about the fruit stand of the defendant, in substance, is that the Springfield Public Market, Inc. on the day and time of the accident to the plaintiff, maintained a public market on Main Street; and there exposed bananas for sale on a stand or table located on the north side of the recessed entrance to the market; that the defendant kept a broom near the stand and with it each day from time to time swept up any accumulated rubbish; that immediately after the accident there was a pile of dirt, peanut shucks and bananas that had been brushed into a " corner jog " where the entrance to the market projects eight or ten inches beyond the window.   It appeared in evidence that the plaintiff left the market, went out the front door, turned to the right and started up Main Street; that when he had gone about fifteen feet north of the Public Market Building and north of the Public Market premises, he slipped on an overripe banana, fell, and received injuries.   The trial judge at the conclusion of the evidence denied a written motion of the defendant for a directed verdict in its favor.

The motion should have been allowed.   The fact that the defendant sold bananas, and that bananas sometimes fell to the sidewalk from its fruit stand, do not warrant an inferential finding of fact that the banana on which the plaintiff slipped and fell on the sidewalk, not in front of the defendant's premises but about fifteen feet away, came from the rubbish

pile near the fruit stand of the defendant; nor that, if it did, the defendant was negligent in respect to its removal therefrom. Whether the banana came to the place of the accident through the negligence of the defendant, or through the careless conduct of some unknown person, is a matter of pure speculation and conjecture. *Goddard* v. *Boston & Maine Railroad,* 179 Mass. 52. *Hotenbrink* v. *Boston Elevated Railway,* 211 Mass. 77. *Norton* v. *Hudner,* 213 Mass. 257. *Lyons* v. *Boston Elevated Railway,* 204 Mass. 227. *Zugbie* v. *J. R. Whipple Co.* 230 Mass. 19. *Downing* v. *Jordan Marsh Co.* 234 Mass. 159.

Exceptions are sustained and judgment may be entered for the defendant. G. L. c. 231, § 122.

*So ordered.*