CHARLES N. TOWNE *vs.* WALTHAM WATCH COMPANY.

Middlesex.   November 19, 1923. — January 7, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Employer's liability.   *Workmen's Compensation Act.*

The workmen's compensation act does not enlarge the duty of an employer. At the trial of an action by an employee in a factory against his employer, not a subscriber under the workmen's compensation act, there was evidence tending to show that the plaintiff in moving cans from a concrete platform to a room in the factory had to pass over steps leading down from the plat-

form; that about three weeks before the injury to the plaintiff the defendant began excavating under one of its buildings, using the concrete platform for transportation of dirt and stones to and from trucks; that about a week before his injury, the plaintiff called the attention of a foreman in charge of the excavating to the fact that the platform had dirt and stones upon it " so that it was most impossible to walk over it " and the foreman replied, " I will see to that; " that the condition of the platform for some time thereafter was better; that a general order had been given by the defendant to all his workmen to keep the steps and platform clean; that the injury to the plaintiff happened just after a truck had been backed up to the platform near one of the steps, where it was filled from the platform, and that the injury was caused by the plaintiff, as he was in the performance of his duties, stepping on a stone about the size of two hen's eggs on a step and falling. *Held*, that

(1) While the duty of the defendant was to furnish the plaintiff with a reasonably safe place in which to work, he could not be found to have been negligent merely because a stone of the size described was on the step if there was no evidence indicating how long the stone had been there or that the defendant knew, or, by the exercise of reasonable care might have known, of its presence;

(2) The facts, that the defendant knew the conditions under which the work was being carried on and on one occasion had notice from the plaintiff that stones and earth were upon the platform, did not, upon all the evidence, make the defendant negligent in failing to remove the stone which injured the plaintiff; and the evidence did not warrant a finding that the presence of the stone could have been reasonably anticipated by the defendant;

(3) A statement by the foreman to the plaintiff with reference to the condition of the platform, that there " would always be a chance there . . . that it would be all clear on that side . . . where you go down on to the driveway next to the steps," did not amount to an assurance that no stone would be found on the platform;

(4) The statement of the foreman, when informed by the plaintiff of the condition of the platform, that he would " see to it," did not make it the duty of the defendant to do more than keep the place reasonably safe;

(5) It could not be contended, from the fact that a general order was given to all workmen to keep the steps and platform clean, that an absolute duty rested upon the defendant of keeping the place free from such a stone as caused the plaintiff's fall;

(6) The rule of law, that the violation by an employee of a rule laid down by an employer for the safety of others might be evidence tending to show negligence on the part of the employee, had no application in the circumstances;

(7) There was no evidence warranting a finding that the defendant violated its duty to keep the steps and platform reasonably safe.

TORT for personal injuries, received by the plaintiff while employed by the defendant, which was not a subscriber under the workmen's compensation act, and alleged to have been caused by negligence of the defendant, its servants or

agents, in failing to keep the premises where the plaintiff was working in a reasonably safe condition and in permitting a loose stone to remain upon a step which the plaintiff had occasion to use in performing his duties. Writ dated August 24, 1921.

In the Superior Court, the action was tried before *Bishop*, J. Material evidence is described in the opinion. At the close of the evidence, the jury, by order of the trial judge, returned a verdict for the defendant. The plaintiff alleged exceptions.

*F. W. Campbell*, for the plaintiff.

*M. J. Mulkern*, for the defendant.

CARROLL, J. The plaintiff, an employee of the defendant, was injured in the course of his employment by stepping on a loose stone " about as large as two hen's eggs," upon one of the steps leading down from a concrete platform to the boiler house court on the defendant's premises. The defendant was not a subscriber under the workmen's compensation act.

There was evidence that the plaintiff had been a watchman for the defendant; that in 1919, he ceased to labor at this particular work and was placed in other employment, part of which consisted in removing cans of benzine from the concrete platform to the room where the benzine was distilled; that the platform was used for loading and unloading merchandise, and as a means for entrance and exit from the plant by its employees, and for other purposes; that two or three weeks before the date of the injury the defendant began excavating under one of its buildings; that the dirt and stones removed were taken to the platform and from there placed on a truck backed against it or, if the truck was not there at the time, the dirt was thrown from the side of the platform, opposite the steps; that when the earth was placed in the truck it was near the steps of the platform; that planks were laid and earth wheeled in barrows over these planks to the truck. The plaintiff testified that at times the dirt and stones thrown into the court were higher than the platform, " sometimes it would be from up on the platform;" that about a week before he was injured he spoke to one Williams, in charge of the excavating work, and called his attention

to the condition of the platform, that the earth " was strewed around on the platform so that it was most impossible to walk over it;" that Williams replied, "I will see to that," and the condition of the platform after that time was better.

The plaintiff was injured about five o'clock on the night of September 23, 1919. Just before the accident a truck was backed up to the platform near the step, and " they were wheeling into it." After the truck departed he went upon the platform, and while carrying a can of benzine he stepped on a stone and fell. In answer to a written interrogatory of the plaintiff, the defendant's president stated: " General order to all workmen to keep steps and platform clean."

The duty of the defendant was to furnish the plaintiff with a reasonably safe place in which to do his work. The defendant was not negligent merely because a stone of the size described by the plaintiff was upon the step, without some evidence indicating how long it had been there, or that the defendant knew or might have known by the exercise of reasonable care of its presence. *Zugbie* v. *J. R. Whipple Co.* 230 Mass. 19. *Downing* v. *Jordan Marsh Co.* 234 Mass. 159. See *Lumbert* v. *Gurney*, 222 Mass. 235. *Connolly* v. *Felter*, 238 Mass. 305.

There was no direct evidence showing where the stone came from or what caused it to be on the steps. Even if it could be found that it fell from the truck, from one of the wheelbarrows, or from the platform, it does not appear when this happened, or that the stone had been on the steps such a length of time that the defendant was guilty of negligence in failing to discover or remove it. The workmen's compensation act does not enlarge the employer's duty. As was said in *Walsh* v. *Turner Centre Dairying Association*, 223 Mass. 386, " It does not transform conduct theretofore lawful on the part of the employer into negligence." The fact that the defendant knew the conditions under which the work was being carried on and had notice on one occasion from the plaintiff that stones and earth were upon the platform, did not make the defendant negligent, upon all the evidence disclosed, in failing to remove the stone, and in our opinion the evidence does not show that its presence could

have been reasonably anticipated. *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273, was an action by a passenger against a carrier. In that case there was evidence that the defect complained of had existed for some time in such a way that the defendant could have seen it, and in the performance of its duty, should have removed it.

The statement of Williams to the plaintiff in reference to the condition of the platform, that there would " always be a chance there to get the cans; that it would be all clear on that side, next to the court where you go down on to the driveway next to the steps," did not amount to an assurance that no stone would be found on the platform; the statement imposed no greater obligation on the defendant than the duty required by law. The remark of Williams, when the plaintiff informed him a few weeks before the accident that the platform was not clean, that he would see to it, did not make it the duty of the defendant to do more than keep the place reasonably safe. From the fact that a general order was given to all workmen to keep the steps and platform clean, it could not be contended under all the circumstances shown in this case that an absolute duty rested upon the defendant of keeping the place free from such stone as caused the plaintiff's fall.

The principle established in *Stevens* v. *Boston Elevated Railway*, 184 Mass. 476, that a violation of a rule adopted by the defendant for the safety of others may be evidence tending to show negligence, has no application to the case at bar. There was no evidence of the defendant's negligence in violating its duty to keep the steps and platform reasonably safe, and the plaintiff cannot recover.

*Exceptions overruled.*