DOROTHY CARTOOF *vs.* F. W. WOOLWORTH COMPANY.

Suffolk.     October 20, 1927. — February 28, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Of proprietor of store. *Evidence,* Matter of conjecture, Presumptions and burden of proof.

In an action of tort for personal injuries against the proprietor of a store, there was evidence to show tha  the plaintiff, while in the defendant's store, was directed at a popcorn counter to go down stairs for a purchase she sought to make; that while at that counter she "stepped on popcorn" and rubbed it off her foot; that later as she went onto the second stair, she stepped on a sticky substance about the size of the ball of her foot, which caused her foot to catch on the stairway so that she fell; that she was told by a person who removed the substance from her foot that it was popcorn and black stuff as if trampled upon; that on going up the staircase she saw on the stair a black substance that looked like "a lot of popcorn and oil stuck there together." There was nothing in the evidence to show how long any foreign substance had been on the stair. At the close of the evidence, the trial judge ordered a verdict for the defendant. *Held,* that

(1) A finding that negligence of the defendant contributed to the plaintiff's injury was not warranted; following *Mascary* v. *Boston Elevated Railway,* 258 Mass. 524, and *O'Leary* v. *Smith,* 255 Mass. 121;

(2) The verdict for the defendant properly was ordered.

TORT for personal injuries alleged to have been caused by the defendant's negligence. Writ dated December 11, 1924.

In the Superior Court, the action was tried before *Hall,* C.J. It appeared that the plaintiff, while in the defendant's store to make a purchase, fell upon a stairway. In testifying as

to the substance on her shoe after the fall, the plaintiff stated as follows: "Q. Well now, when this man took the substance off of the sole of your shoe, did that substance indicate that it was pop corn? A. Yes, because I had stepped on pop corn in making the inquiry for the caps, and I rubbed it off my foot and went ahead, and then I went downstairs with more black substance." Other material evidence is set forth in the opinion. At the close of the evidence, the trial judge ordered a verdict for the defendant and reported the case to this court for determination.

*J. S. Graham*, for the plaintiff.

*W. I. Badger*, for the defendant.

WAIT, J. This case is governed by the decisions in *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524, and *O'Leary* v. *Smith*, 255 Mass. 121. No evidence appears which can distinguish it. Nothing was shown which would warrant a finding that negligence on the part of the defendant contributed to the plaintiff's injury. The evidence taken most strongly for the plaintiff shows that she fell because a sticky substance caused her foot to catch on the second step of a stairway which she was descending so that she fell to the floor below. At a popcorn counter about a yard from the stairway she was directed to go down the stairs. She trod on some sticky popcorn on the floor by the counter. This, she testified, she removed from her shoe. She went on to the stairway, stepped on a sticky substance about the size of the ball of her foot, caught her foot and fell. Some one removed a substance from her shoe, which she did not see but was told was popcorn and black stuff as if trampled upon. On going up the staircase she saw on the stair a black substance that looked like "a lot of popcorn and oil stuck there together." There is nothing to indicate how long any foreign substance had been upon the stair to lay the foundation for a finding that, in the exercise of the care which a storekeeper should exercise to see that the stairs to be used by his customers are reasonably safe, it should have been seen and removed by him. To conjecture that it had been there so long that those in charge should have found it and taken it away is no more justifiable than to suppose that she had failed to

remove the entire mass which adhered to her shoe and had herself brought the substance upon the stair.

The color of the substance here in question is no better evidence of the time it had been on the stair than was that of the "black apple core" held insufficient in *O'Neill* v. *Boston Elevated Railway*, 248 Mass. 362.   In *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273, relied on by the plaintiff, there was more than color to warrant finding that the banana skin, there in question, had lain on the platform so long that it should have been found and carried away.   *Regan* v. *Boston & Maine Railroad*, 224 Mass. 418, and *Wheeler* v. *Sawyer*, 219 Mass. 103, also relied on by the plaintiff, are clearly distinguishable.   See *Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52; *Norton* v. *Hudner*, 213 Mass. 257; *Towne* v. *Waltham Watch Co.* 247 Mass. 390, 393; *Sweatland* v. *Springfield Public Market, Inc.* 247 Mass. 268.   The verdict for the defendant was directed properly.

In accord with the report, judgment is to enter for the defendant on the verdict.

*So ordered.*