LAURA C. D. TODD *vs.* HERBERT F. WINSLOW.

Suffolk. February 3, March 28, 1932. — March 29, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Of one owning or controlling real estate. *Evidence*, Matter of conjecture. *Proximate Cause.*

At the trial of an action of tort for personal injuries against the owner of the building, there was evidence that the plaintiff, a woman, went to the building on business with a tenant therein, who had the right to use the toilets in common with others; that the defendant customarily kept the toilets locked, keys thereto being supplied to the tenants; that the entrance to one of the toilets was one step above the corridor; that, as the plaintiff came out of that toilet, her foot "slurred" on the step, which was soapy and not well cleaned, and she fell and was injured; that the corridor was dark; that the soap on which she slipped was sufficiently plastic so that she could see the print of her heel therein; that the porter of the building had mopped that toilet with soap and water before 7 A.M. on that day; and that soap used in a hand bowl in the toilet was brought there by tenants and was not supplied by the defendant. There was no evidence as to

the time of day the accident happened, nor as to how long the soap had been on the step, nor who placed it there. *Held,* that

(1) The evidence left the cause of the soapy condition of the step a matter of conjecture: the inference that it was caused by a person for whose act the defendant was not liable was at least as strong as any inference that it was caused by a person for whose act the defendant was liable;

(2) In such circumstances, the evidence that the corridor was dark did not entitle the plaintiff to recover, since it could not properly have been found that the darkness was the proximate cause of the accident;

(3) The plaintiff could not recover.

TORT. Writ dated March 5, 1928.

The action was tried in the Superior Court before *Weed,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

*G. I. Cohen,* for the plaintiff.

*R. B. Coulter,* for the defendant, submitted a brief.

SANDERSON, J. This is an action for personal injuries sustained by the plaintiff in a building controlled by the defendant, resulting from an alleged defective condition of the premises and an alleged negligent failure to light a common hallway.

The plaintiff on the day of the accident went to the building to transact business as a customer of a tenant on the second floor who occupied under a lease which contained a provision that the tenant might have the use free of charge, in common with others, of toilet rooms and elevators in the building, "but at the risk of the Lessee and without liability on the part of the Lessor for damages, and the Lessee covenants to make no claim at any time against the Lessor for such damages." The plaintiff, after being in the tenant's room a few moments, as a result of a talk with the tenant went into the corridor and down the hall to the ladies' room. As she walked along it was light. When she turned into a corridor running in another direction it became darker. The door of the ladies' room at the end was opened and some one came out. The opening of the door made the corridor light enough for her to see the rest of the way. She stepped up about six or eight inches to enter the room. When she came from the

ladies' room the door, having a spring on it, closed behind her and caused her to go out quickly. Her foot "slurred" on the step and in going down the step from the room she had .to throw her hands out to catch herself from falling and struck the wall on the left, causing pain in her shoulder. She noticed that the place where her foot "slurred" seemed to be soapy and not well cleaned, she saw the print of her heel as it "slurred" on the elevation of the step as she came out, and the condition she described was everywhere on the floor right near the door on the elevation. The closing of the door behind her made the hallway darker. In redirect examination she testified that the cause of her going forward was the slipping of her heel on the soap, and the darkness. There was no testimony as to the hour of the accident.

The defendant's secretary testified that the superintendent of the building was instructed to and did give tenants keys to toilets when leases were signed. The testimony tended to prove that the elevators were started at 7:30 each morning and that the toilet rooms were used by tenants and their customers.

The defendant's porter, called by the plaintiff, testified that he was accustomed to clean the ladies' toilet room with mop, soap and water; that he did this on the day of the accident and finished the cleaning by 6:45 in the morning. He also testified that his orders were to keep the ladies' rooms locked and that they were customarily kept locked; that on occasions he would find them unlocked and papers stuffed in the locks to keep the latches from locking, and that when he found this condition he would remove the papers and see that the doors were kept locked; that when he finished cleaning the room he locked the door; that there was a hand bowl in the ladies' room and that soap and towels for use there were supplied not by the defendant but by the tenants. He testified that there were ten offices on the second floor pretty well occupied, that one of them was used as a school with fifty girls in attendance, all of whom used the ladies' room and went in and out without a key. The evidence as to the amount of light in the corridor was conflicting.

At the close of the evidence the trial judge directed a verdict for the defendant, with the stipulation of the parties that if that order was wrong judgment is to be entered for the plaintiff in a specified sum; otherwise judgment for the defendant.

There is no evidence tending to prove the length of time the soap on which the plaintiff slipped had been on the step or who had placed it there. It may have been dropped by some tenant carrying her own soap to the lavatory. At the time of the plaintiff's accident the soap was still sufficiently plastic to enable the plaintiff to see the print of her heel in it. The inference that it was caused by a person for whose act the defendant was not liable is at least as strong as any inference that it was caused by the defendant's employee who finished cleaning this room before seven o'clock in the forenoon. The evidence failed to remove the question of the cause of the soapy condition of the step from the field of conjecture. There was no evidence that the condition had existed so long that in the exercise of reasonable care the defendant should have discovered it. See *Downing* v. *Jordan Marsh Co.* 234 Mass. 159; *Pearson* v. *Director General of Railroads*, 245 Mass. 158, 162. The plaintiff has failed to maintain the burden of showing that the defendant was responsible for the condition of the step which caused the plaintiff to slip, or that the accident was caused by the defendant's negligence. With this essential element of the plaintiff's case unproved, the case cannot be made to rest upon the amount of light in the corridor. This could not have been found to be the proximate cause of the plaintiff's accident.

In accordance with the terms of the report judgment is to be entered for the defendant.

*So ordered.*