PETER McBREEN *vs.* LILLA A. COLLINS, administratrix.

Suffolk. March 14, 1933. — October 25, 1933.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Of one owning or controlling real estate.

The owner of a building, occupied by a restaurant on the second floor and by other tenants, as a matter of law was not liable in an action of tort for personal injuries sustained when the plaintiff, a customer of the restaurant, slipped and fell as he was leaving the building, where it appeared that the slipping was caused by pieces of lemon peel on a stairway provided by the defendant for the common use of his tenants including the proprietor of the restaurant, and the evidence showed no more than that the pieces of lemon peel were black, slimy, flattened out and looked as if they had been walked on for some time.

TORT. Writ dated June 26, 1928.

In the Superior Court, the action was tried before *Dillon,* J. Material evidence is described in the opinion. At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant. The plaintiff alleged an exception.

*P. V. Myron,* for the plaintiff.

*J. F. Cavanagh,* for the defendant.

DONAHUE, J. The plaintiff, having eaten in a restaurant conducted by a tenant on the second floor of a building which was also occupied by various other tenants, left at about 11:30 in the evening and was proceeding down a stairway which led to the first floor and to the street, when he slipped on the second or third step from the bottom and received injury. His fall was due to pieces of lemon peel upon the step which were described by witnesses as black, slimy, flattened out and looking as if they had been walked on for some time. The stairway was provided by the defendant's intestate, who owned the building, for the common use of his tenants including the proprietor of the restaurant. The plaintiff was rightfully on the premises. There was no defect in the step itself and no evidence that the lemon peel came to be there by the act of the defendant's intestate or a person for whose conduct he was responsible. There is nothing to show where it originally came from or how it came to be upon the stairway. It is the contention of the plaintiff that there was a lack of reasonable care on the part of the defendant's intestate in not discovering the presence of the lemon peel and removing it. In our opinion there was not evidence upon which such conclusion could be based. There was testimony that the defendant's intestate caused the stairway to be cleaned each morning including the morning of the day the plaintiff was injured. The evidence does not disclose such extent or character of use of the stairway by the tenants or their customers or patrons as to warrant the conclusion that the defendant's intestate was lacking in reasonable care in not cleaning it more often. If this testimony be disregarded, since its credibility was for the jury, the result is the same. In the circumstances here appearing the inference cannot properly be drawn from the evidence descriptive of the appearance of the lemon peel that it was actually on the stairway for a long enough period of time to warrant the finding that the defendant's intestate in failing to discover it was lacking in reasonable care. The case in this respect is to be classed with *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524, *Cartoof* v. *F. W. Woolworth Co.* 262 Mass. 367,

and *Todd* v. *Winslow*, 278 Mass. 588, and not with cases like *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273, *Hudson* v. *F. W. Woolworth Co.* 275 Mass. 469, and *Hartford* v. *Boston Elevated Railway*, 280 Mass. 288, where essential facts were different. There was no error in the direction of a verdict for the defendant.

*Exceptions overruled.*