Pettingell, J.
Plaintiff, a patron of defendant’s restaurant, was directed to a toilet and fell on the stairs. On the step where she fell “there was slime and dirt and a piece of soap” and she “slipped either on the piece of soap or on the slime and dirt” and “when she fell her clothes became badly soiled”.
The stairs on which she fell were for the use of the defendant’s employees only but there was evidence that customers frequently did use this stairway.
The foregoing is all the evidence there was about the condition of the step on which the plaintiff fell. “Slime and dirt” is a general term which may mean anything or *326 everything which is moist and filthy and does not so describe the substance that was there that the hearer or reader can picture it or can infer its probable source or the length of time it had been there.
In order to recover the plaintiff must show either that the substance was on the step because of some act negligent or otherwise, of the defendant or its agents or servants, Regan v. B. & M. R. R., 224 Mass. 418, at 420; Blease v. Webber, 232 Mass. 165, at 167; Judson v. American Railway Express Co., 242 Mass. 269, at 271; Bornstein v. R. H. White Co., 259 Mass. 34, at 35; Blake v. Great Atlantic & Pacific Tea Co., 266 Mass. 12, at 13; Manell v. Checker Taxi Co., 284 Mass. 151, at. 152; or, that some other person or persons being responsible for its presence, it had been there sufficiently long for the defendant, through its agents or servants, in the exercise of reasonable or proper care to have discovered and removed it.
“Where, without action for which he is responsible, a dangerous condition arises, the law allows him a reasonable opportunity to become informed of the danger and to take measures to remedy it. He is not liable in such a case unless he is negligent in failing to inform himself and to take appropriate action.” White v. Mugar, 280 Mass. 73 at 75.
Kelley v. W. D. Quimby & Co. Inc., 227 Mass. 93, at 95, 96; Downing v. Jordan Marsh Co., 234 Mass. 159, at 160; Pearson v. Director General of Railroads, 245 Mass. 158, at 162; Towne v. Waltham Watch Co., 247 Mass. 390, at 393.
There was, in the ease at bar, absolutely no evidence which would warrant a finding that the “slime and dirt” and “soap” were on the step because of anything for which the defendant was responsible.
Neither was there any evidence regarding the length of time that these substances had been there.
*327 ' “For aught that appears the object upon which the plaintiff slipped may have been dropped there but a moment before by some one for whose conduct in this respect the defendant was not responsible.” Zugbie v. J. R. Whipple Co., 230 Mass. 19, at 20.
Nor was there in the description of the foreign substance on the stairs anything which would warrant a finding that it had been there an appreciable length of time. In Frost v. McCarthy, 200 Mass. 445, at 449 the mortar on the step was described as partially dry; in Anjou v. Boston Elevated Railway, 208 Mass. 273, at 274, the banana skin was not only black and flattened out but there was dirt and grit on it; the candy on which the plaintiff fell in Hudson v. F. W. Woolworth Co., 275 Mass. 469, at 470, 471, when removed from the floor, showed a clean spot under it with dirt all around it; see also Foley v. F. W. Woolworth Co., Mass. Adv. Sh. (1936) 223, at 225, 226; but-the case at bar comes within the scope of O’Neill v. Boston Elevated Railway, 248 Mass. 362, at 362, 363; Mascary v. Boston Elevated Railway Co., 258 Mass. 524, at 524, 525; Cortoff v. F. W. Woolworth Co., 262 Mass. 367, at 368, 369; Sisson v. Boston Elevated Railway, 277 Mass. 431, at 432,433; Todd v. Winslow, 228 Mass. 588, at 590, 591; and Rosenthal v. Central Garage of Lynn Inc., 279 Mass. 574, at 576, 577, in each of which detailed descriptions of the foreign substance failed to constitute evidence enough to warrant a finding that the foreign substance had been present a sufficient length of time to charge the defendant with notice.
' The case falls within the general classification of such cases as Goddard v. Boston & Maine Railroad, 179 Mass. 52; Hotenbrink v. Boston Elevated Railway, 211 Mass. 77, at 78; Norton v. Hudner, 213 Mass. 257, at 258; Zugbie v. J. R. Whipple Co., 230 Mass. 19, at 20; Towne v. Waltham Watch Co., 247 Mass. 390, at 393; O’Leary v. Smith, 255; Mass. 121, at 123; Mascary v. Boston Elevated Railway, 258 Mass. 524, at 525; Todd v. Winslow, 278 Mass. 588, at *328 590, 591; Renzi v. Boston Elevated Railway Co., Mass. Adv. Sh. (1936) 219, at 221, 222.
There being no evidence which would warrant a finding that the defendant was negligent, it was prejudicial error to deny the first ruling requested by the defendant that, “There is insufficient evidence to support a finding that the defendant was negligent’’.
The finding made for the plaintiff is to be vacated and judgment is to be entered for the defendant.