Sullivan, J.
This is an action in tort for injuries alleged to have been received by the plaintiff while in the store of the defendant for the purpose of purchasing merchandise therein, when the plaintiff slipped and fell “on a dark substance about the size of a silver dollar, which substance was dirty, very dark brown, black, very close to the floor and attached to it”.
The case was tried with a companion case of the plaintiff’s husband, i. e., Nicholas Sideris v. LaPorte’s Inc., No. 5870 of the District Court of Peabody and Appellate Division No. 1658, for consequential damages.
There was evidence that after the plaintiff fell she tried to kick the substance which she alleged caused her to fall, but could not move it; that there was a skid mark on the floor caused by the plaintiff’s heel extending about eighteen inches from the dark substance.
The following two requests of the defendant were denied, i. e.:
*459 “1. The evidence does not warrant a finding that the defendant was negligent.
3. The evidence does not warrant a finding that the alleged defect existed so long that the defendant in the exercise of reasonable care should have discovered and removed it.”
The first request was denied as not in accordance with the Rules of the District Courts.
There was a finding for the plaintiff.
The only issue raised by the defendant in its brief is as to the disposition of its requests Nos. 1 and 3.
In denying request No. 1, the trial court gave as his reason that the request was not in accordance with Rule XXVII of the District Court Rules (1932).
This rule states that “No review as of right shall lie to the refusal of a request for a ruling ‘upon all the evidence ’ in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified.”
The rule has no application to the form of request set out by the defendant. The reason given by the court is wrong.
The request raised the question as to the sufficiency of the evidence as to the negligence of the defendant. It was a request for a ruling of law and if pertinent and is a correct statement of law, it must be given unless the trial judge indicates in clear language his reason for denying it. He can do this either by specifically finding facts which make the requests inapplicable, or by giving definite reasons foi denying them. If he fails to indicate his reasons, or if the reasons are insufficient, there is error. Hetherington and Sons vs. William Firth Company, 210 Mass. 8, 18.
There is no evidence that the foreign substance found on the floor of the defendant’s premises was placed by the negligence of its employees, or if dropped there by customers *460 or that it remained long enough on the floor to give the defendant or its servants an opportunity by the exercise of the care which a storekeeper should exercise to see that the premises used by its customers are reasonably safe, it should have seen and removed it. Cartoof vs. F. W. Woolworth Company, 262 Mass. 367, 368, 369.
'There is no evidence as to the composition of the sticky substance that adhered to the floor when the plaintiff tried to remove it by kicking it. The fact that it was a “dark brown black substance” is no indication of as to how long it had adhered to the floor nor evidence of its age. The substance was described as “sticky” which might account for its adhesion to the floor, but the fact that it was “sticky” also imports the further fact that it was not trodden down and there is no evidence of heel marks or other traces of its- having been walked on.
Though it was “dirty”, it was not in evidence that was its natural color or condition, nor is there evidence as to its location on the floor, whether it was in the aisles or on the path of travel or was in that section of the store that had been used by the public on the day of the accident. The evidence does not disclose the substance was on that part of the floor where it would necessarily be seen by the employees. For aught that appears the object upon which the plaintiff slipped may have been dropped there but a moment before by some one for whose conduct in this respect the defendant was not responsible. Zugbie vs. J. R. Whipple Company, 230 Mass. 19, 20.
The plaintiff, a customer, trod on a piece of popcorn on the floor of the defendant’s premises and removed the same from her shoe. In descending the stairway she slipped and fell on a sticky substance about the size of the ball of her foot. Some one told her the substance removed was popcorn and it looked like “a lot of popcorn and oil stuck *461 there together”. The court stated that “there is nothing to indicate how long any foreign substance had been upon the stairs to lay the foundation for a finding that, in the exercise of the care which a storekeeper should exercise to see that the stairs to be used by his customers are reasonably safe, it should have been seen and removed by him. . . . The color of the substance . . . is no better evidence of the time it had been on the stair than was that of the ‘black apple core’ held insufficient in O’Neill v. Boston Elevated Railway, 248 Mass. 362.” Cartoof vs. F. W. Woolworth Company, supra.
It was prejudiical error to deny defendant’s requests Nos. 1 and 3.
The finding for the plaintiff is vacated and as there was a full trial a finding for the defendant will be entered.