Bolster, C. J.,
This is an action of tort for injuries cans-, ed by a fall on a stairway in the defendant’s store. This is not a report of “a case” but of the refusal to make specific rulings. While a number of requests for rulings were filed, the defendant has here argued the refusal of those numbered five, six and seven. We, therefore, treat as waived the refusal of No. 3, dealing with the plaintiff’s due care. The fifth request deals with a situation in which a foreign substance may have been placed on the stairs by a stranger, which the defendant knew or should have known of and failed to remove. The rule there advanced has no application to a dangerous condition directly caused by the neglect of the defendant or its. agents. The response of the judge to this request sufficiently shows that he placed the case in the latter category. That consideration also takes care of the sixth request. The seventh re *134 quest says that if the plaintiff was caused to fall by a foreign substance (a fact assumed) there is no evidence that it was there by the defendant’s neglect. There was evidence that after the store was closed the night before, only the defendant’s servants were in the store; that until the doors are opened to the public the next morning there is no occasion for anyone, not even the defendant’s employees, to travel over these stairs except in the course of the nightly cleaning, and that the plaintiff was the first to descend the stairs when the doors were opened. A finding was warranted that if there was, as assumed, a foreign substance which caused the plaintiff to fall, it was left there after the cleaning by the defendant’s agent, cf. Astrella v. Laffey, 222 Mass. 469, Anjou v. Boston El. Ry. Co., 208 Mass. 273.
The defendant, however, has assumed to argue an entirely different point, that until the plaintiff has identified the substance which caused her fall, she cannot recover. Assuming this point to be open, which it is not, Reid v. Doherty, 273 Mass. 388, the proposition is unsound. Under some circumstances a failure to prove the precise nature of a foreign substance may well leave it doubtful where responsibility is to lie for its being there. Towne v. Waltham Watch Co., 247 Mass. 390, cited by the defendant, merely illustrates the old fellow-servant rule. But it is common knowledge that a “cement abrasive” stairway is not “a soft substance”, while an accumulation of soap is just that, and that it may cause one to slip. In cases like O’Brien v. Boston El. Ry. Co., 250 Mass. 192, Zugbie v. J. R. Whipple Co., 230 Mass. 19, failure to identify is merely used in the opinion as one factor making it conjectural where blame is to lie for the presence of the foreign substance. Description of its appearance serves the same purpose. That is not the same as saying that the plaintiff must always identify or describe or else lose the case. The *135 judge was warranted in finding that a foreign substance was there, something soft, that it was carelessly left there by the defendant’s cleaning-woman, and, given those, facts, it makes no difference whether the substance had been there ten minutes or ten hours. The judge was not obliged to believe the testimony of the defendant’s witness as to the thoroughness of her cleaning work. If, in the course of her work, she left something slippery there, it could be found careless cleaning; if, while cleaning, she failed to remove something soft. which was already there, that could be found careless cleaning. ..
What the defendant is really contending for is an opportunity to discover and rectify a bad condition. If caused by a stranger, yes; if by its own agents, no. But, as stated, the argument is not open to the defendant. No request for ■ ruling was filed to the effect that the plaintiff must identify the substance which caused her fall, and nothing in the request recognizes such, alternative situation as we have stated. The judge’s response, shows recognition on his part. When the refusal of a particular, ruling is reported, it is the judge’s duty to report all the evidence affecting that ruling. It is . not his duty to report, and we have no right to assume that he has reported, all the evidence in the case. But assuming that the. report does contain all the evidence, a majority, of the court are of the opinion that the finding can stand. Of course, other possible causes of the accident can be thought of than the one which makes the defendant liable. That is frequently true, but major probability is all that the law can, or does require. The plaintiff’s story, moreover, may be helped by the fact that the defendant offered testimony which the final decision shows was not credited. D’Addio v. Hinckley Rendering Co., 213 Mass. 465, D’Arcangelo v. Tartar, 265 Mass. 350.
Beport dismissed.