SULLIVAN, J. (Jones, P. J., and Pettingell, J.)
These are two actions in tort that come to this division in the form of a consolidated report, wherein the first action is for personal injuries received by the female plaintiff and the second action is by her husband for consequential damages.
The evidence tended to show that the female plaintiff went *119 to the defendant’s store at Haverhill and purchased a dress and when on her way out slipped and fell' on the floor receiving the injuries alleged. The defendant offered no evidence.
There were twelve requests for rulings filed by the defendant in each case, a total of twenty-four requests, all of • which were refused by the trial judge. There were findings for Rose Alma Drolette in the sum of one hundred twenty-five dollars and for Armand Drolette in the sum of seventy-one dollars.
The court in denying the defendant’s requests for rulings states they were not pertinent to the facts as found and that the female plaintiff slipped and fell on the floor, that there was a skid mark three feet long where she had fallen; that there were small bubbles on the floor of an oily substance that made the floor dangerously slippery; that there were oily smudges on her hands and knees and that there was no evidence from where the oil or oil bubbles came from. The report is alleged to contain all the evidence material to the issue involved.
The female plaintiff in order to prevail in this action must prove that the premises of the defendant were in a defective condition and such condition existed for such a sufficient length of time that in the exercise of due care it could have been detected so as to prevent the accident. The defendant owed it to the plaintiff to keep its premises in a reasonably safe condition because of its invitation to trade therein.
There is no evidence as to the manner in which the foreign substance happened on the floor, whether through negligence of the defendant, or by someone whose actions the defendant would be liable for. There is no evidence as to the length of time such alleged defective condition existed in order that the defendant in making such discovery, could remedy the same. The trial court has found that there was no evidence as to the cause of the presence of the oily substance. There is no evidence that the floor had been oiled by the defendant or by any person for whose act it would be liable. Some customer who was on the premises before the plaintiff’s visit may have tracked in or dropped the foreign substance upon which the plaintiff slipped. How such substance came is a matter of conjecture and leaves the situation in the realm of uncertainty. The plaintiff has failed to maintain the burden of showing that the defendant is responsible for the alleged defective condition of the floor. The presence of the oily substance may have been caused by a stranger. Todd v. Winslow, 278 Mass. 588.
In Mascary v. Boston Elevated Ry. Co., 258 Mass. 524, the plaintiff slipped on a banana peel on the stairs of which the defendant was in control. The court stated that the peel may have been dropped a moment before by a stranger or may have come on the stairs without fault! on the part of the defendant. See cases cited at page 525.
The evidence does not show that the oil was on the floor *120 so long that it should have been discovered and removed by an employee of the defendant. Sisson v. Boston Elevated Ry. Co., 277 Mass. 431.
Because the finding for the plaintiff must be vacated, and finding for the defendant is ordered it is unnecessary to discuss the other requests.
As the finding for the female plaintiff is vacated, it follows that the plaintiff, husband, cannot recover and the finding for, him is likewise vacated. A finding for the defendant in his case is ordered.