Helen McINTOSH, Appellant,

v.

GREENWAY APARTMENTS, INC.,
Appellee.

No. 2597.

Municipal Court of Appeals for the
District of Columbia.

Argued Aug. 29, 1960.

Decided Oct. 21, 1960.

Joseph M. Del Nero, Washington, D. C.,
for appellant. John J. Nealon also entered
an appearance for appellant.

Denver H. Graham, Washington, D. C.,
with whom Albert E. Brault, Washington,
D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, HOOD,
Associate Judge, and CAYTON (Chief
Judge, Retired) sitting by designation un-
der Code § 11–776(b).

HOOD, Associate Judge.

Appellant slipped and fell one morning
as she was descending the stairway in the
apartment house where she lived. She sued
appellee corporation, her landlord, for neg-
ligently maintaining the safety of the com-
mon stairway. At the close of her case
the trial court directed a verdict in favor
of the landlord. Appellant claims that her
evidence warranted submission of the is-
sue of negligence to the jury.

Appellant's evidence showed that after
she fell, and was helped back to her apart-
ment by her roommate,[1] the latter returned
to the hallway and found a dark brown
banana peel on a step of the stairway.
Though appellant had not seen the peel un-
til her roommate returned and showed it to
her, she insisted that it had caused her to
slip and fall. Appellant offered no evi-
dence to show how or when the peel was
left on the step; but she testified she had
complained to the apartment employees of
other litter in the hallway about six times
in the two and one-half years she had lived
in the apartment house. Her last com-
plaint had been made three months before
the accident. There was also testimony that
tenants carried their trash downstairs to
a basement receiving room as no pick-up

1. The roommate was not a witness at the trial.

service was provided by the apartment management.

■ As appellant could not prove that the banana peel had been dropped by, or that its presence had come to the notice of, any of the landlord's employees, it was incumbent upon her to prove that the peel had been upon the step long enough to give the landlord constructive notice of its potential danger to tenants. Brodsky v. Safeway Stores, Inc., 80 U.S.App.D.C. 301, 152 F.2d 677, affirming this court's decision in 41 A.2d 514. The Brodsky case dealt with a customer in a store, but the requirement of notice is equally applicable to a landlord. Lord v. Lencshire House, Ltd., 106 U.S.App. D.C. 328, 272 F.2d 557, and cases there cited.[2] Appellant argues that a jury could properly infer from the dark brown color of the banana peel that it had been on the step a sufficient length of time to give the landlord constructive notice.

We disagree. Appellant's argument assumes, without any proof to that effect, that the peel was of a light color when first dropped on the step and that it remained there long enough to darken. That is a possibility, but it is also possible that the peel had darkened before it was dropped. It could have been dropped from another tenant's trash receptacle a few minutes before appellant fell.

■ Appellant's case at its best shows only that she slipped on a banana peel on the stairway and fell and was injured. Without some proof, direct or circumstantial, of how the peel came to be on the step or how long it had remained there, a jury could find liability on the part of the landlord only by guess and conjecture; and guess and conjecture will not support a verdict. Kenney v. Washington Properties, Inc., 76 U.S.App. D.C. 43, 128 F.2d 612, 146 A.L.R. 1.[3]

Affirmed.

2. See also Annotation, 25 A.L.R.2d 364, 429.

3. See also Windham v. Atlantic Coast Line R. Co., 5 Cir., 71 F.2d 115; Livingston v. Atlantic Coast Line R. Co., 4 Cir., 28 F.2d 563; McBreen v. Collins, 284 Mass. 253, 187 N.E. 591. But see Williamson v. F. W. Woolworth Co., 237 Miss. 141, 112 So.2d 529.