WILLIAM L. WHITE, administrator, *vs.* STEPHEN P. MUGAR.

Middlesex.    April 6, 1932. — June 30, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Negligence*, Of proprietor of store. *Evidence*, Matter of conjecture.

At the trial of an action for personal injuries against the proprietor of a store, there was evidence that the floor was oiled; that, at a certain time, vegetable leaves were seen on the floor all along the front of the

vegetable counter; that substantially the same condition existed about an hour later, when the plaintiff visited the store to make a purchase; and that the plaintiff was injured by slipping on the leaves and falling. *Held*, that

(1) It was not a mere speculation that the leaves on the floor at the time of the plaintiff's injury were the same as those there an hour previous; and a finding to that effect was warranted;

(2) Although the defendant was not liable for a dangerous condition in his store not arising from acts for which he was responsible, he was liable if, within a reasonable time, he failed to inform himself of such condition and to remedy it;

(3) A finding was warranted that an hour was a reasonable time for the defendant to learn of such condition and to remedy it;

(4) A verdict for the plaintiff was warranted.

TORT, originally by Delia A. White, and after her death prosecuted by the administrator of her estate. Writ dated November 13, 1928.

The action was tried in the Superior Court before *Collins*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged an exception.

*L. Bean, Jr.*, for the plaintiff.

*J. H. Gilbride*, for the defendant.

WAIT, J. This case is before us upon exceptions claimed to an order directing a verdict for the defendant. There was evidence that the plaintiff's intestate suffered injury in consequence of falling upon the floor of the defendant's market. She stated that she fell from slipping upon vegetable leaves lying on the floor. The essential question is whether the evidence will sustain a finding of negligence for which the defendant is liable.

A vegetable counter extended into the store some ten or fifteen feet. It was at the right as one entered. Beyond it was the cashier's cage, and, still further in, a meat counter. Opposite, on the left, were the grocery counters and shelves. The passageway between was from four to six feet wide. It was the custom to oil the floor. At about quarter before twelve on the day of the accident a son of the intestate saw vegetable leaves strewn all along the floor in front of the full length of the vegetable counter. At quarter before one o'clock he met his mother in front of the market. She

went in to make a purchase. About five minutes before one o'clock she came out crying and walking with difficulty. She said she had just slipped on some vegetable leaves on the floor of the market and suffered a bad fall. She was helped into an automobile, and the son stepped back into the market to get her bundle. He then noticed vegetable leaves on the floor in about the same condition as he had observed at quarter before twelve.

The defendant owed to customers a duty to keep the premises reasonably safe for their use. He, however, is not an insurer of safety. Where, without action for which he is responsible, a dangerous condition arises, the law allows him reasonable opportunity to become informed of the danger and to take measures to remedy it. He is not liable, in such a case, unless he is negligent in failing to inform himself and to take appropriate action. *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524. *O'Leary* v. *Smith*, 255 Mass. 121. *Frost* v. *McCarthy*, 200 Mass. 445, 449. *Sisson* v. *Boston Elevated Railway*, 277 Mass. 431.

We think it could be found that vegetable leaves scattered upon the oiled floor of a six-foot passage between store counters constitute an appreciable danger to users of the passage; and that an hour is abundant time for learning of the condition and correcting it. Although it is conceivable that the leaves seen shortly before noon had been cleared away, and that a fresh carpeting had been brushed upon the floor by careless customers so shortly before the plaintiff's intestate fell that the defendant and his servants had not seen them and had time again to remove the accumulation, we do not think a jury bound so to assume. It is not mere speculation that the intestate slipped upon leaves seen on the floor by her son an hour before.

The circumstances resemble more nearly those which led to the decisions in *Hudson* v. *F. W. Woolworth Co.* 275 Mass. 469, *Tack* v. *Ruffo*, 263 Mass. 487, *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273, than the state of facts dealt with in *Cartoof* v. *F. W. Woolworth Co.* 262 Mass. 367, *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524, *O'Leary* v. *Smith*, 255 Mass. 121, *Sweatland* v. *Springfield*

*Public Market, Inc.* 247 Mass. 268, *Norton* v. *Hudner*, 213 Mass. 257.

There was error in directing the verdict. Pursuant to the stipulation made at the trial, since the exceptions must be sustained, our order must be

*Judgment for the plaintiff in $1,500 without costs.*