Morton, J.
This is an action of tort to recover damages for injuries alleged to have been sustained in consequence of a fall caused by stepping on a foreign substance' on a stairway in a store maintained by the defendant, the plaintiff, at that time, being a customer therein. , The answer was a general denial and a plea of contributory negligence.
*415 The plaintiff duly filéd the following request for ruling:
“On all the evidence a finding for the plaintiff is warranted”.
This request was refused without comment, and a finding was made for the defendant. No findings of fact were made or recorded by the trial court.
The defendant contends that the request was properly denied as contrary to Rule 27 of the Rules of District Courts (1932), wherein it is provided as follows:
“No review as of right shall lie to the refusal of a request for a ruling ‘upon all the evidence’ in a case admitting of ...”
The Rule is perhaps incomplete, but we interpret it as meaning a request for a ruling that, upon all the evidence, the finding must, or should, be for one party or the other. As so interpreted the request in the instant case does not violate the Rule. To say that a finding for a party is warranted on all the evidence is quite different from saying that a finding for one party or the other is required as a .matter of law.
We think the ruling in the instant case similar to the seventh request filed by the plaintiff in the case of Bresnick v. Heath, 1935 A. S. 2297. That request was as follows:
“There is evidence to warrant the court to find for the plaintiff”.
In that case the Appellate Division ordered the report to be dismissed as the evidence amply warranted a finding for the defendant. That, however, was not the point at issue as .stated by the Supreme Judicial Court in its opinion. In that opinion at page 2301 Mr. Chief Justice Rugg says:
*416 “The denial of request7 involved.a ruling'as matter of. law that there was no evidence to warrant recovery by the plaintiff. It was equivalent to a ruling as matter of law either that the defendant was not negligent or that the sole cause of damage to the plaintiff was the negligence of the bailee of his automobile. It was not a request that as matter of law the plaintiff was entitled to recover. This was error. The record is not fairly susceptible of the construction that this request was denied because rendered immaterial by findings of fact made by the trial judge. No findings of fact are recited. It would have been simple for the trial judge to have made a statement that the defendant was found free from negligence as matter of fact as the ground for denial of this request, or that the request had become immaterial because of a finding in favor of the defendant on the facts. . . . That course was not pursued. It cannot be said that this was harmless error.”
The Court goes on to say that the record does not show that the decision of the judge may not have been due to an erroneous view of law as indicated by his denial of the seventh request.
We think that case is decisive of the issue in the case at bar. There was no finding of fact, and the denial of the plaintiff’s request involved a ruling that, as matter of law, there was no evidence to warrant recovery by the plaintiff. In the instant case it would have been simple for the trial judge to have stated that the defendant was found free ■from negligence, and give this as the reason for the denial of the request. Having failed to do this it cannot be said that the denial of-the request was harmless error.
We say this because the evidence, as set forth in the report, would warrant a finding for the plaintiff. In White v. Mugar, 280 Mass. 73 the duty of a store keeper to his , customers is set forth at p. 75 as follows:
*417 “The defendant owed to customers a duty to keep the premises reasonably safe for their use. He, however, is not an insurer of safety. Where, without action for which he is responsible, a dangerous condition arises, the law allows him reasonable opportunity to become informed of the danger and to take measures to remedy it. He is not liable, in such a ease, unless he is negligent in failing to inform himself and to take appropriate action. ...
We think it could be found that vegetable leaves scattered upon the oiled floor of a six-foot passage between storb ¡counters constitute an appreciable danger to users of the passage; and that an hour is abundant time for learning of the condition and correcting it.”
According to the facts set forth in the report the plaintiff, in descending a stairway in the store of the defendant opposite a candy counter, fell, in consequence of stepping upon a foreign substance on one of the stairs on which, upon Subsequent-examination, was found to be a piece of candy about three inches square, flattened out and hardened and black from dirt, with heel marks thereon; that when the substance was removed from the stair, after the accident to the plaintiff, the step underneath was clean, but all the rest thereof was dirty. It further appeared in evidence that the defendant employed a porter whose duty it was to keep the stairway clean, and who had instructions to clean it at least once every hour; that he cleaned it with a brush which could not remove substances stuck on the steps. Such substances it was his duty to remove with a putty-knife or razor blade. He did not remember scraping anything off the steps on the day that the plaintiff fell thereon. This evidence alone would, upon the authority of White v. Mugar, supra, support a finding for the plaintiff if believed by the trial court.
Under these circumstances the trial court should, therefore, either have allowed the request and found for the *418 defendant, or in denying the request stated that it became immaterial because of his finding for the defendant on the facts. Not having pursued either course, an error was committed which we cannot say was harmless. An order, therefore, will be entered vacating the finding for the defendant and directing that a new trial be had upon the merits.