### Northern District

No. 4772

## PAUL JAROSKI

v.

## ELM FARM FOODS CO.

(June 6, 1955)

*Brooks, J.* Plaintiff sues in tort for injuries to his finger caught between two swinging doors as he was about to enter defendant's premises. With his left hand, plaintiff was holding the righthand side of the door open about three inches. While he was in that position, another customer came out of the store. As he did so, he allowed his righthand door to swing to, catching plaintiff's left hand as it held the other half of the door partially open.

These doors had no rubber edges or covering on their inside edges which, when the doors were normally closed, were about $\frac{1}{2}''$ apart. It was the practice of defendant to hang the doors in the fall and unhang them in the spring.

Either two or four days subsequent to the accident,

plaintiff returned to the store and inspected the door through which the customer had passed. He found that the top metal hinge was held by six screws which were loose, causing the door to swing slightly from the perpendicular.

At the close of the evidence, defendant filed the following requests for rulings:

1. The evidence does not warrant a finding for the plaintiff.

2. The evidence does not warrant a finding that negligence of the defendant, its agents, servants or employees.

3. The defendant is not responsible for any injury caused to the plaintiff by a third person upon the premises of the defendant and who is not acting for or within the control of the defendant.

4. The cause of the alleged injury to the plaintiff cannot be a matter of surmise, conjecture or speculation.

These rulings the court (*Green, J.*) denied as inapplicable to the facts found. The facts found were as follows:

"The defendant operated a market in Central Square. There are two sets of swinging doors at the entrance with a small vestibule in between both sets of doors operated and maintained by the defendant. The two inner doors swing both ways on two sets of hinges, one at the top and one at the bottom of each half and when normally operating there should be a space of one half inch between the halves when the doors are both closed.

"The plaintiff, a customer, entered the store and was opening the right half of the inner doors when a customer was leaving the store through the other half of the inner doors; that half of the inner doors through which that customer left swung to and as a result the

plaintiff's middle finger of the left hand was jammed in between the two halves of the inner doors. There were no rubbers on the edges of the two inner doors.

"I find that the accident was caused by the screws in the upper hinges of the right half of the inner doors as one leaves the premises becoming loosened from the wood in which they were imbedded, causing that half to swing slightly from the perpendicular so that when the two halves of the inner doors came together they did not close normally, that is with one half inch space between, so that the plaintiff's middle finger of the left hand became jammed, as a result of which the nail of the finger had to be removed."

The court found for plaintiff. The finding of the court obviously assumes that plaintiff's injuries were caused by the door, through which the customer passed, being out of the perpendicular due to a loose hinge, which allowed the doors to come closer together than was normal, thus catching and jamming plaintiff's finger as his left hand held the other door partially open. This assumption is not unreasonable.

The only evidence as to the loose hinge is that it was found to be loose two or four days *after* the accident. Except for the inference that at the time of the accident, the door was out of plumb because it jammed plaintiff's finger despite the other door being open three inches, there is no evidence as to whether this condition existed at the time of the accident. There was no evidence as to the length of time prior to the accident that the condition prevailed except that there was a loose hinge and that the doors were hung in the fall and unhung in the spring. On this state of facts, the court ruled, in effect, as a matter of law that defendant was negligent.

It is perhaps not an unreasonable assumption on these facts that the door was not in proper condition

at the time of the accident. However, in order to find negligence on the part of defendant, a further assumption has to be made, namely that defendant knew or or ought to have known of this condition prior to the accident and failed to remedy it. The question is, does the mere fact that screws of a hinge were loose and that doors are hung and unhung periodically, warrant an assumption that the screws were loose for any particular time before the accident?

It is elementary that a proprietor of a store is not liable for defects of which he has no knowledge or occasion for knowledge. *Mugar v. White*, 280 Mass. 73, 75; *Keenan v. Loew's, Inc.*, 302 Mass. 309; *Hastings v. B. & M. R.R.* 332 Mass. 42.

It is also the law that mere conjecture is not a sufficient basis on which to predicate knowledge. *Hanna v. Shaw*, 244 Mass. 57. As was stated in the above case, if there are equally plausible explanations for the condition, which do not involve negligence on the part of the proprietor, he cannot be held to be negligent.

Plaintiff relies on the case of *Keenan v. Loew's, Inc.*, supra. In that case, plaintiff was injured when a seat in a theatre collapsed. After a verdict for plaintiff, the case came to the Supreme Judicial Court on the question whether the trial judge's refusal to direct a verdict for defendant was error. There was testimony by plaintiff's husband, who examined the seat right after the accident, that the screws holding it had pulled out of wood which looked rotten.

In discussing the question of defendant's liability, the court pointed out that it was not an insurer and that it was entitled to reasonable opportunity to inform itself of the defect. The court stated that it was a close question whether defendant had had such reasonable opportunity. It referred to the husband's evidence about the condition of the wood indicating that it might well be a jury question whether that condition was of recent origin.

There is nothing of that sort in the case before us,

nothing to indicate that the condition was not of recent origin. It is to be inferred from the court's language in *Keenan v. Loew's, Inc.*, that had the only evidence been that the screws had pulled out, the evidence would have been insufficient to warrant allowing the jury to pass on the matter. It would not then have been "a close question."

In our opinion, the court was in error in denying defendant's request for rulings as being inapplicable in view of facts found. The facts did not justify a finding of negligence on the part of defendant.

*Finding vacated, judgment to be entered for defendant.*

Mosier R. Goldberg, for the plaintiff.
Merritt J. Aldrich, for the defendant.