*Northern District*

No. 4858

## C. ISABEL TORNEY

v.

## METROPOLITAN TRANSIT AUTHORITY

(September 27, 1955)

*Gadsby, P. J.* This is an action of tort for negligence causing personal injuries. The defendant answered by way of general denial and contributory negligence.

*At the trial (Green, J.) there was evidence tending to show:* On May 31, 1953 at about 3:20 p.m., a warm Sunday afternoon, the plaintiff was on the upper platform under control of the defendant at Harvard Square, Cambridge, when upon rounding a corner, and a few feet from the stairway to the lower level, she was caused to slip and fall on a substance described as milk from a baby's bottle. Glass from the bottle was also present. The plaintiff was on the defendant's premises for the purpose of being transported in the defendant's subway. The plaintiff and a witness, Margaret McMahon, described the condition of the milk as "almost dry, shiny and in a patch." The plaintiff further testified that she fell on her side in the milk, but that her clothes were not stained nor wet. The defendant's starter, Mr. Breen, testified, the substance to be a "partially dried, milky substance." Mr. Breen saw the substance within a period of time approximately a few minutes after

the plaintiff fell. There was evidence that the milk patch was in the shade of a canopy located over the platform.

The defendant's starter, who was on duty for at least two hours before this accident, Mr. Breen, upon examination by Plaintiff's Counsel, stated that he had been upstairs at 3:15 p.m. which was five minutes before the accident as stated by the plaintiff, her witness, and further Mr. Breen's report showed the accident to be at 3:20 p.m. Mr. Breen did not see this substance before the accident.

The plaintiff called witness Margaret McMahon, who was following behind the plaintiff at the time of the accident. Miss McMahon testified that a man dressed in an M.T.A. uniform with identification No. 2464, picked the plaintiff up after the accident. This same man then went to a telephone located a few feet away, and she heard this man state in substance, that somebody had better come and clean the platform *as a couple of people have already fallen here*. This man was called to the stand by the plaintiff and he identified himself as Mr. Greener, an M.T.A. employee on the day of the accident as a bus driver. He had his own chart or sheet for what his duties that day were, which was driving a bus. He testified that he arrived in Harvard Square about 3:10 to 3:15 p.m.

The defendant called a porter, who testified, that on the day of the accident, it was his duty to sweep the place where the plaintiff fell. He testified that prior to 3:20 p.m. he had not been at the spot of the accident since about 1:30 p.m. as he had two or three other stations to do. He saw no milk. There was evidence by the plaintiff that there was no one else in sight at the time of the accident other than herself, Mr. Greener, and Miss McMahon.

The plaintiff duly made the following requests for rulings:

 1. Upon all the evidence, the Court is warranted in finding for the plaintiff.

4. The Court is warranted, upon all the evidence, in finding that the defendant, its agents or servants, knew or should have known of the presence of the foreign substance upon which the plaintiff fell, and that they failed to remove the same within a reasonable time after it was placed upon premises under the defendant's control.

Requests for Rulings No. 2 and No. 3 filed by the plaintiff were granted by the Court. The Court denied the plaintiff's Requests for Rulings No. 1 and No. 4.

The Court found the following facts:

About 2:30 on a warm Sunday afternoon, May 31, 1953, the plaintiff was on the upper platform under control of the defendant at Harvard Square a few feet from the stairway to the lower level. She fell on some glass fragments and spilt milk, partially dried, one or two feet from top of said stairway. A starter of the defendant was on duty from 1:20 to 6:20 p.m. on said date and examined the upper level every hour. He saw nothing of the glass fragments or spilt milk. A porter of the defendant swept the upper level platform at Harvard Square twice daily. He saw nothing of the glass fragments or spilt milk. I find no breach of any duty owed the plaintiff by the defendant. I give requests two and three of the plaintiff's. I deny requests one and four as inapplicable in view of facts found.

The Court thereupon found for the defendant.

The plaintiff claimed to be aggrieved by the Court's denial of her Requests for Rulings No. 1 and No. 4.

The question presented for determination is whether or not there was evidence from which the judge could find that the defendant in the exercise of reasonable care should have known of and removed the foreign substance.

As was said in *White v. Mugar*, 280 Mass. 73, 75: "The defendant owed to customers a duty to keep the premises reasonably safe for their use. He, how-

ever, is not an insurer of safety. Where, without action for which he is responsible, a dangerous condition arises, the law allows him reasonable opportunity to become informed of the danger and to take measures to remedy it. He is not liable, in such a case, unless he is negligent in failing to inform himself and to take appropriate action." *Keenan v. E. M. Loew's, Inc.*, 302 Mass. 309, 312; *Gallagher v. Stop & Shop, Inc.*, 1955 A.S. 485.

The requests for rulings No. 1 and No. 4 present these matters for consideration. The judge denied these requests on the ground they were inapplicable in view of his special findings of fact. Such is the usual correct procedure under Rule 27 of the District Courts. However, the judge in his findings stated that, "He saw nothing of the glass fragments or spilt milk referring to the starter and the Court also stated. "I find no breach of any duty owed the plaintiff by the defendant."

From this finding it is not possible to decide just what the judge had in mind in submitting the case to himself as jury. The statement, "I find no breach of any duty owed the plaintiff by the defendant" is a conclusion without furnishing the plaintiff an opportunity to know along what lines the Court proceeded. In brief, the Court made no finding of subsidiary facts as required by Rule 27.

The result is that it is impossible to determine whether or not his assertion that the requests were inapplicable in view of the facts found is correct. *Barry v. Sparks*, 306 Mass. 80, 85. The plaintiff was entitled to have clearly stated the necessary subsidiary facts on which the Court based its denial of requests No. 1 and No. 4.

Prejudicial error was committed by the trial judge and the case is remanded for a new trial.

John J. C. Sholihy, for the plaintiff.

John P. Regan, for the defendant.