ANNE M. FITZGERALD *vs.* CAIN'S LOBSTER HOUSE, INC. March 30, 1956. Order of Appellate Division vacating finding for the plaintiff and ordering judgment for the defendant affirmed. The plaintiff at about 5:30 P.M. on September 4, 1950, Labor day, slipped and fell as she proceeded over the flagstone floor to take her place at one of the three seats on the extreme right end of the defendant's lunch bar which was in the form of a horseshoe. The plaintiff's party had been directed to these seats by the defendant's hostess. No artificial lights were on. The sun shone through the four or five windows in the left hand wall of the room, casting a shadow of the lunch bar upon the floor by the right side of the bar. Neither the plaintiff nor her female companion saw any foreign substance on the floor but the plaintiff's husband testified that twenty minutes after she fell he observed a wax or greaselike substance on the floor and that he could not brush off the dirt or waxlike smirch from the plaintiff's skirt; that this dark substance had a shine to it; and that the floor was not too tidy. The plaintiff's companion testified that the same kind of substance as was on the skirt was on the right side of the plaintiff's right shoe. There was no evidence of the size or shape of the substance. Nothing appeared as to its identity other than what has just been mentioned. There was nothing to show that it was placed there by anyone for whose conduct the defendant was responsible, *Rosenthal* v. *Central Garage of Lynn, Inc.* 279 Mass. 574; *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489; *Uchman* v. *Polish National Home, Inc.* 330 Mass. 563, nor that it was on the floor for such a length of time that it should have been discovered and re-

moved. *Wyman* v. *McLellan Stores Co.* 315 Mass. 117. *Foley* v. *Hotel Touraine Co.* 326 Mass. 742. *Kelleher* v. *Dini's Inc.* 331 Mass. 217.
*William F. A. Graham*, for the plaintiff.
*James D. Casey*, for the defendant.