GERTRUDE L. YOUNG *vs.* FOOD FAIR, INC.

Norfolk.   March 4, 1958. — April 9, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Negligence*, Store, Slippery substance.

A finding of negligence on the part of the proprietor of a store toward a customer therein was warranted by evidence that the customer was injured when she slipped and fell at a spot on an otherwise clean, dry, well cared for floor where there was a white, slimy substance mixed with sawdust.

TORT.   Writ in the Superior Court dated August 7, 1950. The action was tried before *Dowd*, J.

In this court the case was argued before *Wilkins*, C.J., *Spalding, Williams, Counihan,* & *Whittemore*, JJ., and afterwards was submitted on briefs to all the Justices.

*Edward J. Barshak*, (*William E. Gorman* with him,) for the plaintiff.

*J. Watson Flett*, for the defendant.

SPALDING, J.   This case comes here on the plaintiff's exception to the allowance, at the close of the evidence, of the defendant's motion for a directed verdict.

The plaintiff's testimony in substance was as follows: About 5:30 P.M. on April 21, 1950, the plaintiff and her husband entered the defendant's store to purchase some meat.   The plaintiff's husband preceded her through the turnstile, and as she was about to pass through it she slipped and fell to the floor and fractured her wrist.   At the place where she fell she saw sawdust on the floor.   In the sawdust she saw a white, slimy substance; it was all over the side of her coat and sleeve.   At the time of the accident it was raining out, although "not very hard."   As the plaintiff approached the turnstile the floor which was of stone,

marble, or composition appeared to be clean and well cared for. She saw the sawdust before she fell.

The plaintiff's husband testified that after the accident he noticed that at the place where his wife was standing there was sawdust, "like a little mountain," and saw "where she skidded"; her foot had gone into it, and it looked like something grayish-white mixed with the sawdust. The sawdust was wet and covered an area of about three feet. This substance was at the entrance to the turnstile; and only at that "one spot." The rest of the floor was dry. There was sawdust on his wife's sleeve after the accident and it had "kind of a sour odor to it."

We are of opinion that the direction of a verdict for the defendant was error. The duty of the defendant to its invitees is that it is "bound to use due care to keep that portion of the premises provided for the use of its patrons in a reasonably safe condition, and to warn them of any dangers that might arise from such use by reason of a condition of the premises, which were not likely to be known to its patrons and of which the defendant knew or ought to have known." *Berube* v. *Economy Grocery Stores Corp.* 315 Mass. 89, 91, and cases cited. There is nothing in the evidence to indicate that the defendant put the slimy substance on the floor. The defendant, nevertheless, had the duty to remove the substance or to give suitable warning of it once it had, or should have, discovered it, regardless of who had put it there. *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232. The slimy substance created an unsafe condition, and, from the evidence of the sawdust mixed in with it and the lack of sawdust anywhere else in the store, the jury could reasonably have inferred that the defendant was aware of the condition, and had tried to correct it. In this respect the case is distinguishable from *Beach* v. *S. S. Kresge Co.* 302 Mass. 544, on which the defendant relies. The jury could have further concluded that covering up the substance with sawdust neither remedied the unsafe condition, nor gave adequate warning of it. The case at bar does not belong to the class of cases such as *Smail* v. *Jordan Marsh*

*Co.* 309 Mass. 386, cited by the defendant, where there was no evidence to show how long the foreign substance had been on the premises or that the substance was seen or in plain view of the defendant's employees. Rather the present case more nearly resembles such cases as *Trottier* v. *Neisner Brothers, Inc.* 284 Mass. 336, *Ventromile* v. *Malden Electric Co.* 317 Mass. 132, and *Mason* v. *McLellan Stores Co.* 324 Mass. 671.

This is the opinion of a majority of the court.

*Exceptions sustained.*