EMMA M. BROWN *vs.* METROPOLITAN TRANSIT AUTHORITY.

Suffolk. March 6, 1963. — March 29, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Evidence,* Admissions and confessions, Evidence binding a party. *Practice, Civil,* Leave reserved, Ordering verdict, New trial, Judicial discretion.

An admission as to the cause of an accident, made by a party to an action at a hearing before an auditor and introduced in evidence at a subsequent trial of the action, was not binding upon the party at the trial in view of her testimony at the trial contrary to the admission.   [638–639]

Where testimony by the plaintiff as to the cause of an accident at the jury trial of a tort action, tried on an auditor's report and other evidence which warranted a verdict returned for the plaintiff, directly contradicted her testimony before the auditor, and by reason of that circumstance and the nature of certain testimony by the plaintiff on the issue of damages the trial judge properly took the view that he should act to prevent a miscarriage of justice, he nevertheless should not have ordered entry of a verdict for the defendant under leave reserved.   [639–640]

In the circumstances, following a rescript from this court in an action sustaining an exception to the entry of a verdict for the defendant under leave reserved, and before judgment, a judge of the Superior Court in the exercise of his discretion under Rule 2 of the Superior Court (1954) might entertain a motion by the defendant for a new trial notwithstanding the limitation of time specified in Rule 54.   [640]

TORT. Writ in the Municipal Court of the City of Boston dated November 16, 1956.

The action was removed to the Superior Court. A second trial in that court was before *Smith,* J.

*Timothy J. McInerney* for the plaintiff.

*James C. Roy* for the defendant.

SPALDING, J. This action of tort is here for the second time, 341 Mass. 690. When the case was here before, it had been tried to an auditor (facts not final) and thereafter to a jury. The declaration contains two counts. The first count alleges that the plaintiff was a passenger in the defendant's bus and was injured due to the defendant's negligence in its operation. The second count alleges that the defendant negligently permitted the station and premises to become defective and unsafe, and was negligent in their maintenance.

At the first trial the case was tried on the auditor's report and other evidence, and the jury found for the plaintiff on each count. There was evidence at that trial, both from the auditor's report and otherwise, that the accident was caused in whole or in part by an icy condition on a manhole cover which the plaintiff stepped on in alighting from the defendant's bus. When the case came here on the defendant's exceptions it was held that a letter sent by the plaintiff to the defendant did not meet the requirements of G. L. c. 84, § 21, with respect to notice where snow or ice was involved, and that the judge erred in charging the jury that the letter, if sent, was a good notice.

At the second trial the case was tried on the auditor's report and other evidence. At the close of the evidence the judge submitted the following special question to the jury: "Were the injuries allegedly sustained by the plaintiff Emma M. Brown due to a fall on ice or snow on the manhole cover?" The jury's answer was "no."

Following the arguments and charge, the case was submitted to the jury and a verdict for the plaintiff was returned, which was taken under leave reserved. Thereafter, on motion of the defendant, the judge entered a verdict for the defendant, subject to the plaintiff's exception.

The judge then reported the case. In the report the judge recites: "At the trial before me, the plaintiff testified that the temperature on the day of her accident was neither warm nor cold. Evidence was introduced before me by a qualified court stenographer who took the evidence

at the Auditor's trial, that the plaintiff on that occasion testified that on the day of the accident the day was 'very, very cold.' At the trial before me, the plaintiff testified that there was no ice on the manhole cover. Evidence adduced by the court stenographer disclosed that on both direct and cross-examination at the Auditor's trial, the plaintiff had testified that the manhole cover had ice on it and that her fall had been caused by slipping on the ice. At the trial before me, the only evidence introduced as to the alleged defective condition of the manhole cover and the plaintiff's accident was that she slipped on the surface of the manhole cover which was smooth, slippery, shiny, wet and worn." Later in the report the judge stated: "[The plaintiff] . . . admitted having testified at the first trial that the manhole cover was 'icy,' and no adequate explanation was given at the trial before me clarifying these admissions. If the plaintiff is bound by these admissions, the case before me was in the same posture as the original trial before a jury, in that no adequate notice required by G. L. . . . Chapter 84, section 21, had been given."

The question presented by the report is whether the plaintiff's admissions at the auditor's trial were binding upon her at the second trial. Unless they were, the action of the judge in entering a verdict for the defendant under leave reserved was error, for according to the evidence at the second trial the plaintiff's injuries were not caused by snow or ice and the inadequacy of the notice would not bar recovery.

We are of opinion that the plaintiff was not bound by her testimony at the auditor's trial. Her testimony at that trial, in so far as it differed from her testimony at a subsequent trial, "constituted admissions by her which were admissible for all purposes." 341 Mass. 690, 695. They were but a part of the evidence to be weighed with the rest, and the plaintiff was not concluded by them. *Leary* v. *Keith,* 256 Mass. 157, 158. *Tully* v. *Mandell,* 269 Mass. 307, 309. And this is true even though the admissions were made in the course of judicial proceedings. *Tighe* v. *Skil-*

*lings,* 297 Mass. 504, 507 (answers to interrogatories not binding on answering party). *Morrissey* v. *Powell,* 304 Mass. 268 (plea of guilty in a criminal case). Cases such as *Sullivan* v. *Boston Elev. Ry.* 224 Mass. 405, and *McFaden* v. *Nordblom,* 307 Mass. 574, are distinguishable. In the former it was held that where a witness had given two materially different statements of the same event and finally adhered definitely to one of them as the truth, he is bound by the statement to which he has adhered; in the latter it was held that although a witness ordinarily is not bound by his testimony and can rely on the testimony of other witnesses more favorable to him, he is bound by his testimony when it concerns his knowledge, motives, purposes, emotions or feelings. Neither of these situations is present here.

It is apparent that the judge was very much concerned — and rightly — by the plaintiff's testimony at the trial before him when contrasted with her testimony before the auditor.[1] He could very well have thought that something more than faulty observation or poor memory was involved in this testimonial about-face. He could have concluded that she abandoned the snow and ice version of the accident because of the decision of this court that her notice was defective. That the plaintiff's testimony was a matter of grave concern to the judge is made apparent by other recitals in the report touching the issue of damages.[2] Her testimony on liability coupled with her testimony on the issue of damages presented a situation which could not be

---

[1] It appears from the papers in the case which were transmitted to this court under G. L. c. 231, § 135, that the judge believing that the plaintiff was guilty of "wilful and deliberate perjury" ordered her to recognize in the sum of $500 to await the action of the grand jury.

[2] These in substance are: The accident happened on January 13, 1956, and the plaintiff was taken to the Boston City Hospital. "She claimed that a plaster cast had been applied at the Boston City Hospital on the left leg and that the cast had remained until September of 1956; but the records of the . . . [h]ospital . . . disclosed that an adhesive bandage had been applied to . . . [her] left leg. The plaintiff's attending physician testified he had seen the plaintiff many times between the date of the accident and September 1956, but there was no cast on her leg any time when he saw her."

The plaintiff, a practical nurse, testified that she had not worked since the day of the accident. On cross-examination, "she finally admitted working regularly five days or five nights a week" at a nursing home down to and including December 5, 1961, the date of the commencement of the second trial.

ignored and the judge very properly took the view that action on his part was necessary to prevent a miscarriage of justice. But the appropriate action was not to enter a verdict for the defendant under leave reserved, which was the equivalent of a directed verdict. *Holton* v. *Shepard,* 291 Mass. 513, 515. *Berwick & Smith Co.* v. *Salem Press, Inc.* 331 Mass. 196. "The judge can direct a verdict for one of the parties only when there is no evidence, more than a mere scintilla, upon which a verdict for the other party could rest. When some evidence worthy of consideration is present the judge must submit the case to the jury, even though it may appear to him that the preponderance of the evidence on one side is so great that he would set aside a verdict rendered against such preponderance." *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 59–60.

Each party presented a motion for a new trial and both motions were denied. If the judge had concluded, as he might have, that the verdict for the plaintiff was against the weight of the evidence he could have set it aside. "A motion to set aside a verdict because against the evidence is quite different in substance from a motion for a directed verdict because of no evidence." *Donovan* v. *Donovan,* 294 Mass. 94, 97. But the judge did not adopt this course. Instead, he in effect directed a verdict for the defendant which, since the plaintiff was not bound by her prior admissions, was error. Whether, as the plaintiff testified before the auditor, the accident was caused by snow or ice, or, as she testified at the second jury trial, it was not so caused, was a question of fact for the jury.

In the light of this opinion and in view of the extraordinary circumstances obtaining here the defendant may wish to present another motion for a new trial in the court below, which the judge, in the exercise of his discretion (Rule 2 of the Superior Court [1954]) could entertain notwithstanding Rule 54, the case not having gone to judgment. *Peterson* v. *Hopson,* 306 Mass. 597, 601–602. See *Barry* v. *Keeler,* 322 Mass. 114, 126; *Gleason* v. *Hardware Mut. Cas. Co.* 331 Mass. 703, 710.

*Exceptions sustained.*