*Northern District*
No. 6024
**DONALD ANDRESEN**
v.
**WYMAN'S BEACH, INC.**

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to *Clark, J.* in the First District Court of Northern Middlesex. No. 3887.

*Connolly, J.* This is an action of tort for personal injuries.

The facts and the issues before this Division are set out in the written finding of the trial judge which is as follows:

"The plaintiff testified that on or about July 29, 1962, he was in the Army and was on a family outing at a recreation beach at a pond or lake in Westford, operated by the defendant, who charged an admission fee for the use of the premises—that as he was wading ashore, after a swim, in ankle deep water about six feet from the water's edge, he stepped on a piece of glass with a sharp cutting edge, causing a cut on his foot that required prolonged care and treatment and lasting six months before clearing

up. The defendant rested without putting on any witnesses."

"Although the evidence was meagre, I conclude there was enough to warrant a finding, and I so find, that there was negligence on the part of the defendant that was the sole proximate cause of the injury sustained by the plaintiff—that the invitation extended to the public (men, women and children) to use the premises for a fee imposed a duty commensurate with the danger involved (including inspection and supervision) to keep the premises reasonably safe for such intended use."

"Procedurally, I find the burden of going forward shifted from the plaintiff to the defendant and the plaintiff was not required to show or explain more precisely how the injury sustained by him arose."

"I assess the plaintiff's injuries at $1,200."

The defendant claims to be aggrieved by the following rulings of the trial judge.

(1) "I conclude there was enough (evidence) to warrant a finding."

(2) "The burden of going forward shifted from the plaintiff to the defendant."

(3) "The plaintiff was not required to show or explain more precisely how the injury sustained by him arose."

We are of the opinion that the trial judge was in error in his ruling "I conclude there was enough (evidence) to warrant a finding."

"The defendant owed to customers a duty to keep the premises reasonably safe for their

use. He, however, is not an insurer of safety. Where, without action for which he is responsible, a dangerous condition arises, the law allows him reasonable opportunity to become informed of the danger and to take measures to remedy it. He is not liable, in such a case, unless he is negligent in failing to inform himself and to take appropriate action." *White v. Mugar,* 280 Mass. 73-75; *Deagle v. Great A & P Tea Co.,* 343 Mass. 263.

On the evidence here, particularly the lack of evidence as to when or how the glass got on the beach, we think that the negligence of the defendant is left to conjecture.

In view of the prejudicial error in the first ruling, it is unnecessary to consider the other two.

The finding for the plaintiff is vacated and a finding made for the defendant.

Anthony W. DiCecca, of Somerville, for the Plaintiff.

Hugh L. O'Brien, of Boston, for the Defendant.