*Southern District*

## FREDESVINDA AMARO ET AL

v.

## F. W. WOOLWORTH COMPANY

Argued: Sep. 18, 1968     Decided: Nov. 9, 1968

*Present*: Nash, C.J. Cox, J.

Case tried to *Lee, J.* in the Third District Court of Bristol     No. 5929

*Cox, J.*     In this action of tort the plaintiff seeks damages for injuries she sustained while she was a business invitee in the defendant's store on Saturday, October 2, 1965 at about three o'clock in the afternoon. Her husband seeks consequential damages.

There was a finding for the plaintiffs.

The justice found that the plaintiff slipped

and fell upon some ice cream which had been on the entranceway in the defendant's store for at least an hour; that the entranceway was under the control of the defendant; that the defendant knew or should have known of its presence; and that the defendant's failure to remove this defect was negligence. He concluded "This case would appear to be controlled by the decision in *Gallagher* v. *Stop & Shop, Inc.*, 332 Mass. 560."

The defendant makes no argument with reference to the allowance of the plaintiff's requested rulings. We accordingly treat them as waived. It argues against the denial of three only of its own requested rulings. They are:

3. "As a matter of law, the defendant breached no legal duty owed by it to the plaintiff.

6. The evidence does not warrant a finding that the defendant, its agents or servants knew of any foreign substance being on the floor of the defendant's premises prior to the plaintiff's alleged accident.

7. The evidence does not warrant a finding that the defendant, its agents or servants, should have known of any foreign substance being on the floor of the defendant's premises prior to the plaintiff's alleged accident."

*There was evidence that* on the day and at the time already referred to, the plaintiff

entered the defendant's store in New Bedford to do some shopping. At that time she saw some ice cream in the entranceway which she described as being dirty and covered with dirt. She shopped for approximately one hour. As she left she slipped and fell on the ice cream. She injured her back. In answers to interrogatories propounded to her and in a statement signed by her she stated she had not seen ice cream prior to her fall. On re-direct examination she testified that she had not understood the questions and that she thought they meant "just prior to her fall."

As there was no evidence that the ice cream was at the entranceway because of the acts of anyone for whose conduct the defendant is responsible, and no evidence that the defendant or any of its employees actually knew of its presence before the accident, the plaintiff's right to recover must depend upon evidence which will support a finding that the defendant, in the exercise of reasonable care, should have known of and removed the ice cream. *Gallagher* v. *Stop & Shop, Inc.*, 332 Mass. 560, 562. See also *Rossley* v. *S. S. Kresge Co.*, 339 Mass. 654, 656. *Young* v. *Food Fair, Inc.*, 337 Mass. 323. There was such evidence sufficient to warrant a finding that the defendant was lacking in due care in failing to discover and remove the ice cream regardless of who put it there. *Young* v. *Food Fair, Inc.*, 337 Mass. 323, 324.

The presence of the ice cream on the floor of

the entranceway of the defendant's store on a Saturday afternoon could be found to constitute appreciable danger to the defendant's customers of whom the plaintiff was one. It could be found that the ice cream was on the floor more than an hour. The condition it was in as described by the plaintiff when she entered the store indicates it was there for some time before her arrival. An employee, four feet away, saw the ice cream after the plaintiff fell. There was evidence that the entranceway had not been swept nor cleaned since the store opened in the morning. The accident occurred about three o'clock on a Saturday afternoon. On such evidence the justice could find that the defendant failed in the duty which it owed to the plaintiff as its customer. The ice cream had been on the floor long enough to hold the defendant lacking in due care in failing to discover and remove it before the accident. *Gallagher* v. *Stop & Shop, Inc.*, 332 Mass. 560, 563. See also *White* v. *Mugar*, 280 Mass. 73, 75. *Foley* v. *F. W. Woolworth Co.*, 293 Mass. 232, 234 and cases cited.

That there was evidence less favorable to the plaintiff does not affect the result. There was such evidence that there was no ice cream at the entranceway twenty minutes before the accident. The justice was not obliged to accept it. In deciding whether the decision in the plaintiff's favor is warranted she is entitled to have the evidence viewed in the aspect most favor-

able to her. *McFaden* v. *Nordblom,* 307 Mass. 574, 575. *Brown* v. *Metropolitan Transit Authority,* 345 Mass. 636, 638. Thus her answers to interrogatories and her written statement that she had not seen the ice cream prior to her fall "were but a part of the evidence to be weighed with the rest, and the plaintiff was not concluded by them." *Brown* v. *Metropolitan Transit Authority,* 345 Mass. 636, 638-639. *Tighe* v. *Skillings,* 297 Mass. 504, 507. The justice could reasonably accept the plaintiff's explanation that she meant by her statement and answer to interrogatories that she had not seen the ice cream just before her fall.

The defendant's principal contention is that because there was no evidence that the defendant's agents or employees had actual knowledge of the presence of the ice cream it is prejudicial error to have denied the defendant's request number 6. We do not agree. The defendant was found to be chargeable with knowledge and we discern no difference between actual knowledge and being charged with knowledge, so far as the question of the defendant's liability is concerned.

We hold that there was no error prejudicial to the defendant in the denial of its requests numbers 3, 6 and 7. **The report is to be dismissed.**
M. DANIEL SCHEINMAN
    of New Bedford for the plaintiff.
CHARLES R. DESMARAIS and WILLIAM H. CAREY,
    both of New Bedford for the defendant.