*Western District*

## ADELE SUSE

### v.

### Nancy Cohen, Bess Cohen, Shisre Shactman and Ethel Swig, doing business as
## UNITED REALTY COMPANY AND J. BAKER, INC. SHOE OUTLET

Argued: Nov. 23, 1970. - Decided Dec. 1, 1970.

*Present:* Garvey, P. J., Allen, Sloan, J.J.

Tried to: *Barnes, J.* in the District Court of Springfield, # 70 T. 187.

**Sloan, J.** This action was transferred from the Superior Court to the District Court of Springfield for trial. G.L. c. 231, § 102C.

The plaintiff's declaration contained two counts. Count 1 was for personal injuries received by the plaintiff on a common stairway alleged to be owned and or controlled by four individual defendants. Count 2 alleged negligence on the part of J. Baker, Inc., Shoe Outlet, a tenant of the premises.

The court found for the plaintiff on Count 1 and assessed damages in the sums of $1200. The four individual defendants claimed a report to this Division.

The court found for the defendant J. Baker, Inc., Shoe Outlet, the tenant, and no claim of report was made by the plaintiff on this finding.

At the close of the trial and before final arguments the four individual defendants made the following requests for rulings:

1. The evidence requires a finding for the defendants.

2. The plaintiff failed to prove that the condition, which caused her accident, had been at the locus of the accident for such a period of time prior to the happening

thereof that the defendants knew, or ought to have known of its existence, and in the exercise of reasonable care should have removed it.

3. The facts that there was dirt on the substance which caused the plaintiff's injury, or that it appeared to have been walked on, do not suffice to establish that the substance had been there so long that in the exercise of reasonable care the defendants should have discovered it and removed it.

The court took the following action on the above enumerated requests for rulings:

"I refuse to rule as requested in Nos. 1 and 2."

"I rule as requested in No. 3."

The evidence warranted the judge's making of the following subsidiary findings:

"I find that prior to and on June 8, 1966, the defendants, Nancy Cohen, Bess Cohen, Shisre Shactman and Ethel Swig, doing business as United Realty Co. owned and controlled the building located at 837 State Street in Springfield. Space in the building was rented or leased for offices and stores. The building consisted of five floors serviced by an elevator, run by an elevator operator.

Also, from the lobby to the second floor tenants was a common stairway. There were two tenants on the second floor. The Visiting Nurses Association and J. Baker, Inc., Shoe

Outlet. Neither of these tenants were in charge of control of the common stairway nor responsible for its maintenance. It was the duty of the elevator operator to sweep and mop the stairway daily between 10 and 11 A.M.

The manager of the building had an office on the third floor.

The Nurses Association generally opens for business at 7:45 A.M. and J. Baker, Inc. at 9 A.M. On the day of the plaintiff's injury the manager arrived at his office about 9 A.M.

On June 8, 1966, sometime between 9:30 and 10 A.M. the plaintiff started up the common stairway intending to go to J. Baker Shoe Outlet. When the plaintiff got to the third step from the bottom her foot slipped on a thick jelly like substance on the step and she fell forward on her elbows and knees.

The substance covered a circular area about eight inches in diameter. The stairway in general was very dirty. The plaintiff did not see the jelly like substance before her fall.

The stairs had not been cleaned or inspected by the elevator operator since about 11 A.M. the day before.

Immediately after the fall her hands were dirty, her knees were bleeding and her knee had come through her stocking.

Immediately after her fall she went to the J. Baker Outlet and then to the manager's office.

The plaintiff and the manager came to the

lobby and she pointed out the jelly like substance to him and he asked the elevator operator why it hadn't been cleaned.

Based upon the above subsidiary findings, I find that the dirt and jelly like substance had been on the stairway for such a period of time prior to the plaintiff's fall that the defendants Cohen et als doing business as United Realty Company, knew, or should have known of the jelly like substance's existence, had reasonable care been exercised to discover and remove it. Because the stairway had neither been inspected nor cleaned since about 11 A.M. the day before the plaintiff's fall.

I find that the defendants, Cohen et als failed to use reasonable care for the safety of business invitees of their tenants and were negligent and that their negligence was the cause of the plaintiff's injuries. The plaintiff was not negligent."

While the judge in his findings refers to J. Baker, Inc., Shoe Outlet, J. Baker, Inc. and J. Baker Shoe Outlet, we will assume that in each instance he was referring to J. Baker, Inc. Shoe Outlet.

The duty owed to business invitees by a landowner is for the owner to use due care to keep his premises in a reasonably safe condition for the use of business invitees according to their invitation, or at least warn them against any danger attendant upon these users which was known, or should have been known by the

owner and was not known by the business invitee or obvious to any ordinary intelligent person. *Altman* v. *Barron's, Inc.*, 343 Mass. 43, 46. *Young* v. *Food Fair, Inc.*, 337 Mass. 323, 325. *Berube* v. *Economy Grocery Stores, Inc.*, 315 Mass. 89, 91.

In the instant case the record is devoid of any description of the jelly like substance, except it was thick and about 8 inches in diameter. There was no evidence that the jelly like substance was visible to any employees of the defendant. Likewise there was no evidence as to when the jelly like substance was placed on the steps. The manager of the defendant went up the same steps at about 9 A.M., one half hour before the plaintiff fell. There is no evidence that the jelly like substance was there then.

In *Deage* v. *Great Atlantice & Pacific Tea Co.*, 343 Mass. 263, our Supreme Court reversed a jury finding for the plaintiff where the plaintiff, after standing in line near a cash register for three to five minutes, saw no one go up the aisle behind her, when she walked up the aisle and fell 15 feet away from the cash register on a "large blotch of oil and it was possible that it could have been seen from the cash register." The Supreme Court held there was no liability on the part of the defendant and said (page 265) "There was no direct evidence here as to when the bottle of pine oil was broken. The record discloses no description of

the appearance of oil which would in any way suggest that it had been on the floor for the sufficient length of time to have been discovered. The size of the "large blotch" is not decisive, for the oil could have covered an area so described within a few seconds or a few minutes."

In *O'Leary* v. *Smith*, 255 Mass. 121 where the plaintiff slipped on a reddish brown substance resembling crushed apple pie, there was evidence that the defendant had not cleaned the floor since the night before. The court held this was not sufficient to warrant a finding for the plaintiff in the absence of evidence that the substance was on the floor the night before and therefore should have been removed.

The instant case is to be distinguished from *Young* v. *Food Fair, Inc.*, 337 Mass. 323 where the slimy substance was covered with sawdust and there was no sawdust in other parts of the store.

It is likewise distinguishable from *Foley* v. *Woolworth Co.*, 293 Mass. 232 where the evidence was that the vomit in places was as thick as cardboard and it was dryer than wet and in an area where it was visible to employees of the defendant.

We are therefore, of the opinion that the defendants requests for rulings numbered 1 and 2 should have been granted, the finding for the plaintiff should be vacated and a **finding entered for the defendants.**

PHILIP J. TARPEE, JR. of Springfield
  for the Plaintiff
WILLIAM G. WHITE of Springfield
  for the defendants Nancy and Bess Cohen,
  Shisre Shactman and Ethel Swig.