*Northern District*
No. 7729

**IDA TASCO**

v.

**S. S. KRESGE COMPANY**

Argued: May 18, 1972 - Decided: Jan. 23, 1973

*Present:* Cowdrey, P.J., Mason, J.

Case tried to *King, J.* in the Municipal Court of Dorchester District. Date of finding or decision appealed from: 5/7/71. Docket No. 45610.

**Cowdrey, P.J.** This is an action of tort for negligence to recover for personal injuries sus-

tained as a result of a fall on premises alleged to be owned by the defendant. The answer was a general denial and other defenses not here material.

At the trial there was evidence tending to show that on December 23, 1969, at about 3:30 P.M., the plaintiff went to the S. S. Kresge Store at 477 Washington Street, Boston, Massachusetts, for the purpose of shopping. It had been raining a mixture of snow and rain all during the day of the accident. The plaintiff entered the store through the main entrance and stepped onto a rubber mat just inside the entrance. She observed that the floor was muddy and wet and that there were papers scattered about the area she fell. As she stepped off the mat she slipped and fell to the floor sustaining personal injuries. She testified that she spoke to the store manager relative to her fall and the condition of the floor. The manager was not further identified. She left the premises and returned home via MBTA. She further testified as to her injuries.

The defendant seasonably filed requests for rulings, all of which were allowed with the exception of the following which were denied:

2. The evidence does not warrant a finding for the plaintiff.

7. The plaintiff has failed to sustain the burden of proof that the defendant had knowledge of the condition or had reasonable time to correct the alleged con-

dition. Therefore the plaintiff cannot recover.

8. The alleged condition was open and visible to the plaintiff and she therefore assumed the risk.

The court found for the plaintiff and the defendant being aggrieved by the denial of his requests for rulings, the justice reported the case for our determination.

The defendant raises two issues for our consideration.

1. That the plaintiff has failed to prove that the defendant was in control of the premises.

2. That the plaintiff has failed to show a breach of duty on the part of the defendant.

As to the defendant's contention in the first instance, we do not discern from the report that the defendant was in legal control of the premises which was an essential element of the plaintiff's case. It was said in *Cassidy* v. *Welsh,* 319 Mass. 615, 619 "It is elementary that liability for damage caused by the condition of premises commonly depends upon control of the offending instrumentality either through ownership or otherwise."

As to the second of the defendant's contentions we can perceive no breach of duty on the part of the defendant. In *White* v. *Mugor,* 280 Mass. 73, 75, it was said "The defendant owed to customers a duty to keep the premises

reasonably safe for their use. He, however, is not an insurer of safety, where, without action for which he is responsible, a dangerous condition arises, the law allows him reasonable opportunity to become informed and to take measures to remedy it. He is not liable in such a case, unless he is negligent in failing to inform himself and to take appropriate action.''

In this case the cause of the plaintiff's fall is a matter of speculation. If the fall was caused by the papers scattered on the floor, there was no evidence that the papers had been on the floor for such a length of time that the defendant was negligent in not having discovered their presence and corrected the same in a reasonable time. If the fall was caused by the mud and wetness on the floor it has not been shown that it was in larger quantities or for a greater length of time than was naturally to be expected in the circumstances of the case.

We think the defendant was entitled to have his requests granted.

The finding for the plaintiff is to be vacated and judgment entered for the defendant.

THOMAS HANNON
  for Plaintiff

HOWARD & CLANCY
  for Defendant