*Municipal Court of the*
*City of Boston*
No. T-27376

### ORAZIO GOZZO

v.

### CITY PACKING CO., INC.

Argued: June 8, 1973 - Decided: June 28, 1973

*Present:* Lewiton, C.J., Glynn, DeGuglielmo, JJ.

Case tried to *Elam, J.*

**DeGuglielmo, J.** This is an action of tort begun by writ dated May 29, 1971. The declaration is in a single count where plaintiff alleges while lawfully on defendant's premises on June 2, 1969 he was caused to fall due to a defective condition of some stairs and suffered personal injury. In specification plaintiff alleges the defective condition was a foreign substance. Defendant's answer contained the defenses of general denial, contributory negligence, assumption of the risk, Statute of Limitations and that the negligence, if any, was caused by a person for whose conduct the defendant was not responsible.

At the trial there was evidence tending to show that: Plaintiff was a meat inspector. The inspection office was on the second floor of a building in the new market at 115-116 Newmarket Square, Boston. In the same building the defendant ran its meat-cutting business along with other companies. Defendant's business was on two floors with a stairway running between the first and second floor.

The meat-cutting room is on the first floor; on the second floor is an office for transaction of business and a toilet and employees' locker room. Access to defendant's cutting room could be gained from outside the building or passing through from the next door, Waltham Beef, or from a 2nd floor corridor. Plaintiff is one of the meat inspectors that have access

to defendant's premises for inspection and grading of meat.

On the day in question at about 8:30 a.m., the plaintiff approached defendant's premises from the 2nd floor corridor. He went through the locker room inspecting it for sanitation and started down the stairs controlled by the defendant. He went down 6 stairs when his right foot slipped, he grabbed the handrail and turned his right ankle. He had not seen anything on the stairs prior to his slip. After his slip he saw a piece of fat on the edge of the stair where his right foot had slipped about 2 inches in diameter. It was grayish in color. He went next door to Waltham Beef and then reported the incident to an employee of defendant and to his own supervisor. As a result of the slip, plaintiff lost time from work and had x-rays and medical treatment.

At the close of the evidence and before final argument, the defendant made the following three requests for rulings:

"1. The evidence does not warrant a finding for the plaintiff.

"2. The evidence warrants a finding for the defendant.

"3. The evidence does not warrant a finding that the defendant, his agents, servants or employees were negligent."

The court denied defendant's requests for rul-

ings numbered #1 and #3 and found for the plaintiff.

The defendant claiming to be aggrieved by the court's denial of its Requests for Rulings of Law numbered #1 and #3 duly claimed a report to the Appellate Division for review and determination.

A careful examination of the evidence reported leads us to conclude that this matter is controlled by the decision in the recent Supreme Judicial Court case of *Oliveri* v. *Massachusetts Bay Transportation Authority*, 1973 Adv. Sh. 319 (see cases cited therein), which was decided subsequent to the decision of the trial justice in this case.[1]

In the case at bar, there is no evidence which would warrant a finding or inference that the defendant, its agent or employee was responsible for the presence of the foreign substance on the steps in question. Nor was there any evidence which would warrant a finding that the defendant's agents or employees knew or were in a position to know about the presence of the foreign substance. Nor was there any evidence warranting a finding or inference that from the appearance and description of the foreign substance, a sufficient period of time

---

[1] Examination of factual evidence shows that steps upon which foreign substance was located were used by defendant, its employees, other meat inspectors, including plaintiff, and business invitees of the defendant, any one of whom could have been responsible for the presence of the material complained of.

had elapsed so that the defendant, its agents and/or employees should have known of its presence.

We rule, therefore, that the trial court erred in denying the requested rulings. The finding in favor of the plaintiff must be vacated and a finding entered for the defendant.

**Finding for the plaintiff vacated. Finding and judgment to be entered for defendant.**

Michael A. Paris for the Plaintiff cited: *Hastings* v. *B & M RR.*, 332 Mass. 42 and cc. (Grease and dirt). *Anjou* v. *Boston Elevated Ry. Co.*, 208 Mass. 273. *Foley* v. *F. W. Woolworth Co.*, 293 Mass. 232. *Greenfield* v. *Freedman*, 328 Mass. 272. *Jennings* v. *First National Stores, Inc.*, 295 Mass. 117. *Mugar* v. *White*, 280 Mass. 73.

John M. McDonald for the Defendant cited: *Jankowski* v. *Supreme Markets, Inc.*, 28 Mass. App. Dec. 23. *Oliveri* v. *Mass. Bay Trans. Authority,* —— Mass. —— (1973). *Young* v. *Food Fair*, 337 Mass. 323 (Sawdust gave evidence that defendant had knowledge of dangerous condition). *Gallagher* v. *Stop & Shop, Inc.*, 332 Mass. 560 (Ice cream formed rivulets in full view of defendant's cashiers). *Hastings* v. *B & M RR.*, 332 Mass. 42. *Chastain* v. *Hotel Commander, Inc.*, 336 Mass. 603 (Grease). *Kelliher* v. *Dini's, Inc.*, 331 Mass. 217 (Vegetable matter on stairway landing in restaurant did not show defendant's employees should have discovered it). *Homsy* v. *John Hancock M. L. Ins. Co.*, 319

Mass. 376 (Metal strip). *Grace* v. *Boston El. Ry.*, 322 Mass. 228 (Worn, shiny, slippery and smooth). *Sellew* v. *Tuttle's Millinery*, 319 Mass. 368 (Dirt). *Foley* v. *F. W. Woolworth Co.*, 293 Mass. 232 (Fat on stairway should have been discovered by defendant). *Rosenthal* v. *Central Garage of Lynn*, 279 Mass. 574, 576. *Lajeunesse* v. *Tichon's Fish & Fillet Corp.*, 328 Mass. 528 (Fish scales). *Newell* v. *Wm. Filenes*, 296 Mass. 489 (Black, dirty, gritty orange). *Uckman* v. *Polish National Home, Inc.*, 330 Mass. 563 (Black banana). *Devery* v. *Stop & Shop, Inc.* (Shopping bags on floor 3-4 feet from counter with foot marks on them). *Kanter* v. *Mass. Wholesale*, 340 Mass. 339. *Cartoff* v. *F. W. Woolworth*, 262 Mass. 367. *Fitzgerald* v. *Cain's Lobster*, 334 Mass. 702. *Graham* v. *Stop & Shop, Inc.*, 38 Mass. App. Dec. 144. *Suse* v. *Cohen*, 45 Mass. App. Dec. 160. *Shearman & Redfield*, "Negligence" §797.